CATHARINE MURPHY, ADMINISTRATRIX OF JAMES MURPHY, DECEASED, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MERCER.

1. The term "corporation," as contained in the first section of the act entitled "An act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default," approved March 3d, 1848 (*Rev.*, p. 294), includes within its meaning the boards of chosen freeholders of the respective counties of this state, as public corporations, having by the act of 1860 (*Rev., p.* 86, ¿ 1) imposed upon them a liability for damages for personal injuries occasioned by their neglect to erect, rebuild or repair bridges in such manner as not to be dangerous to public travel over them, and that by reason of such neglect such boards become liable in damages whenever the death shall be caused by such neglect.

2. The act of 1848, to which reference is made, called the Death act, was intended to give a right of action thereunder against persons or corporations upon whom a liability was imposed, if death had not ensued, and in the absence of any language in the act, which either expressly or impliedly excludes public corporations, it is upon principle clear that they are included within the provisions of the statute, which being remedial, must, in its nature, be liberally and beneficially interpreted.

---

On demurrer to declaration.

Argued at February Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Woodbury D. Holt* and *Chauncy H. Beasley.*

For the defendant, *Edwin Robert Walker* and *Garret D. W. Vroom.*

The opinion of the court was delivered by

LIPPINCOTT, J.  This is a suit by the plaintiff, as administratrix of her deceased husband, against the defendant, to recover damages for his death, alleged to have arisen by reason of the negligence of the defendant as a public corporation.

The declaration avers that on the 31st day of October, 1891, the deceased, whilst a traveler on Olden avenue, in the city of Trenton, passed off a draw-bridge maintained by the defendant on said avenue, which is a public street or highway over the Delaware and Raritan canal, and fell into the canal and was drowned, and that the cause of such death was that the said bridge was so constructed and maintained that the connection formed by the bridge (said bridge, when closed, forming a part of the highway across said canal) between the two parts of Olden avenue became and was removed, and that when said bridge was swung around to allow such vessels as navigated the canal to pass, part of the said bridge projected over the water in said canal, so that passengers on the said part of the said bridge passing towards the said canal, if they passed to and off the end of the said part over the said canal, would fall into the canal, and that the said defendant, in the night time, when the said bridge was opened for vessels to pass the said bridge, negligently suffered the end of said bridge where it projected over the said canal to be without a parapet, railing, fence or contrivance to prevent persons passing along and over said bridge toward the said canal from passing off the same into said canal, and without any light, watch or contrivance to warn persons passing along

and over said bridge and along said highway, of the disconnection of the said bridge and the said highway, caused by the opening of said bridge, by means whereof the decedent, on October 31st, 1891, passed to the end and off the said part of said bridge into the said canal, and was thereby drowned.

The defendant demurs to the declaration upon two grounds—*first*, that in form the declaration does not state a cause of action, and *secondly*, upon the ground that the defendant, being a public corporation, is not liable for damages arising from an immediate death resulting from the negligent conduct of such corporation.

It is clear that it was the duty of the board of chosen freeholders of the county of Mercer to construct, maintain and keep this bridge over this canal in a safe condition for public travel over it. This is conceded by the defendant. The general statute (*Rev., p.* 86, § 9) provides that "In all cases where a township or the board of chosen freeholders of a county are chargeable by law with the erection, rebuilding, or repair of any bridge or bridges, and the said township or board of chosen freeholders shall wrongfully neglect to erect, rebuild, repair the same, by reason whereof any person or persons shall receive injury or damage in his or their persons or property, he or they may bring his or their action of trespass on the case against the said township, or said board of chosen freeholders, as the case may be, and recover judgment against them to the extent of all such damage, sustained as aforesaid, which said judgment shall be paid by the township or county, as the case may be."

Under this statute the defendant would be liable for neglect in the erection or rebuilding of said bridge, and also under this act liable for any negligent want of repair, or for any neglect to keep the same in a safe condition for public travel. The declaration here shows the respect in which the defendant neglected to keep the bridge in a safe condition, and whether that negligence consisted in a faulty construction of the structure, or want of proper repair, would be of little materiality, save in the manner of proof to demonstrate the

nature of the negligent conduct of the defendant; therefore no question arises here in relation to the duty of the defendant to construct and maintain this bridge in a safe condition for public travel. The defendant, as a public corporation, was bound to build, rebuild and keep in repair this bridge with a view to the safety of persons and property, and its liability for damages ensued whenever it neglected the duty imposed upon it by the statute.

It has been held that it is not necessary that actual notice should have been given of the unsafe condition of a bridge, to the authorities charged with the duty of its repair, or that they should have actual knowledge of the dangerous condition of the bridge, in order that liability to damages be established. If it was originally a faulty or negligent construction the defendant would have been responsible without other notice, and if a repair was necessary in order to render it safe the defendant was bound by the rule of law, that if by the exercise of ordinary care and due diligence the defect could have been discovered, it is sufficient to cause liability for damages. by reason of the neglect to repair. *Ripley* v. *Freeholders*, 11 *Vroom* 45; *Jernee* v. *Monmouth*, 23 *Id.* 553; *Freeholders* v. *Hough*, 26 *Id.* 628, and cases cited.

The declaration, therefore, so far as its formal averments are concerned, displays a sufficient cause of action.

But a more important question arises upon this demurrer. It is insisted that the defendant, as a public corporation, is not answerable for damages, by reason of this death, to the plaintiff herein. It is insisted by the defendant that the word "corporation" used in the act entitled "An act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default," approved March 3d, 1848 (*Rev.*, *p.* 294, § 1), has no application whatever to, and does not include within its meaning, public municipal, or *quasi*-municipal, corporations, and that the defendant, being a *quasi*-public corporation, is not within the provisions of the act, and that, therefore, it is not liable in damages on account of the death of the plaintiff's intestate, no matter what its

negligence in the respect charged may have been.   It is insisted that only private corporations are within its provisions.

This question arising under this statute does not appear to have been judicially discussed or determined in this state.

The first section of this statute provides, " Whenever the death of a person shall be caused by wrongful act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as amount in law to felony."

In the case of *Pell* v. *Newark*, 11 *Vroom* 76, Mr. Justice Van Syckel, in giving construction to the amended constitution of this state, held that the word " corporation," as used in article I., paragraph 19, was used and intended in the sense of a private corporation ; but this construction was in view of other clauses of the constitution expressly referring to public corporations, and which demonstrated clearly that the two classes of corporations, public and private, were dealt with in express terms, as distinct from each other, and such provisions were made as to both as were deemed necessary and desirable, and thus there remained no reason for construction as to the meaning of the term " corporations " as used in that connection.   The case of *Grosso* v. *Delaware, Lackawanna and Western Railroad Co.*, 21 *Vroom* 317, is insisted upon as an authority contrary to the position of the plaintiff here, that the language of the act in the use of the word " corporation " extends its provisions to such public corporations as boards of chosen freeholders of the respective counties.

In that case Mr. Justice Magie has given a thorough examination of the question whether at common law an action would lie for damages caused by an immediate death of a human being, and concludes that no such action could be maintained, and that the rule of the common law had been adopted in this country, and that whatever was its original

reason, or whether it had ceased or not, it could not now be disregarded or annulled by the courts; but if injurious, its repeal or modification must be sought from the legislature. The exact question in that case was whether, under the statute, an action would lie for an injury or damages suffered by the husband by reason and as the result of an immediate killing of the wife, and it was held that the right of action was given for the benefit of the widow and the next of kin, but not for the benefit of the husband, and that any right of action for the benefit of the husband by reason of the immediate death of the wife, was omitted by the language of the act, and therefore not given, and that its omission was no indication of the existence of the right at common law.

It will at once be perceived that the principles laid down in that case can have no application to the question here presented.

The statute (*Rev., p.* 86, § 9) provides for a liability of the boards of chosen freeholders, arising from neglect to erect, rebuild or repair a bridge, which burdens are imposed by this statute upon these public corporations, and regard must be had to this act in determining whether the Death act applies to such corporations. The language of the Death act is clear and express that the " person who, or the corporation which," whose neglect or default was the cause of the death, should be liable, as they would have been liable for injuries so caused if death had not ensued. Thus within the terms of the act, regarding the statute imposing the burden of building, rebuilding and repairing bridges on the boards of chosen freeholders, and liability for neglect or default in this respect, they are brought within the provisions of the Death act.

This Death act is a remedial statute, to be construed liberally for the suppression of the mischief existing in the common law and the advancement of the remedy (1 *Black. Com-* 86, 87), and being thus remedial in its character and subject to liberal extension in construction, it would be naturally applicable to that class of persons, and those classes of corporations, upon whom a liability for injuries, when death does

not ensue, caused by neglect, is imposed, and as the statute imposes such liability upon the boards of chosen freeholders of the respective counties in respect to their duties in relation to the erection and repair of bridges, it would be anomalous to exclude them from the provisions of the law.

Besides, the word " corporations," in its general and ordinary sense, embraces both public and private corporations, and there is nothing in the language or spirit of the statute which narrows or restricts this general meaning and confines it to any one class of corporations.  The act is intended to give a right of action against persons or corporations against whom a liability existed if death had not ensued, and in the absence of any language in the act which either expressly or impliedly excludes public corporations, it would, upon principle, be clear that they were intended to be and are included within the provisions of the act, which, in its nature, must be liberally and beneficially interpreted ; if otherwise interpreted its inherent import would be restricted and the remedy therein provided be materially impaired.  A suable wrong committed by a public corporation should not become remediless by the death of the person injured.  In this case there exists no circumstances upon which such a restriction could be based in order to diminish by construction the natural meaning and force of the terms used in the statute.  In the construction of a remedial statute, the rule is to avoid all subtle inventions and evasions for the continuance of the mischief and denial of the remedy, *et pro privato commodo ;* the duty of the court is to add force and life to the cure and remedy according to the true intent of the maker of the act, *pro bono publico.  Heydon's Case,* 3 *Rep.* 76 ; *Plowd.* 205; 2 *Dall.* 316.  This act is in the highest sense remedial, and is entitled to receive the liberal construction which appertains to such statutes.  Its object was to abolish the harsh and technical rule of the common law, *actio personalis moritur cum persona.  Haggerty* v. *Central Railroad Co.,* 2 *Vroom* 349.

In statutes relating to the creation of corporations, and to the grant of the ordinary franchises to them, undoubtedly the

term " corporation " by proper construction must be confined to private corporations, but all writers divide the general term " corporation " into those which are private only, formed by voluntary agreement for private purposes, and those which are created by the state for the purposes of government and management of public affairs, which are public or *quasi*-public corporations, and in any remedial statute the term " corporations " includes all classes of corporations, and it is difficult to perceive, upon applying the legal rules of construction, why the term should not be extended to every character of corporations which can be created by legislative power, and which may have imposed upon them duties for the breach of which a liability for damages for personal injuries in law arises. It cannot be doubted that the legislature by this remedial statute intended to include all classes of corporations, private and public, as well as those of a *quasi*-public character, whenever by law a duty was imposed upon them, the neglect of .which created a liability to answer in damages for injuries occasioned to the person by reason of such neglect or default of duty.

The conclusion is that this action is sustainable against the board of chosen freeholders, the defendant, as a public or *quasi*-public corporation, and that the declaration shows a legal cause of action.

The demurrer is therefore overruled, with costs to the plaintiff.