November 25, 1907.

———o———

## No. 4333.

(Court of Appeal, Parish of Orleans.)

## HENRY L. HUNTINGTON VS. A. J. BUDDENDORFF, ET AL.

1. The settlement or extinguishment of a promissory Note and its surrender to its maker is a valid consideration for a new promissory note.
2. The owner of any promissory note, to order or bearer has the right to collect the whole amount of such promissory note, notwithstanding that the rate of discount at which the same may be, or has been discounted has been beyond the rate of eight per cent per annum.

Appeal from Civil District Court, Division "C."

F. Rivers Richardson, Titche & Rogers, for Plaintiff and Appellee.

Albert Voorhies, for Defendant and Appellant.

MOORE, J. This was a suit against the maker of six certain promissory notes, and against the endorser of four of them.

23

The averments of the answer are substantially, that the notes are without consideration, inasmuch as they were given in renewal of previous notes on which the maker had paid interest at usurious rates aggregating an amount far in excess of the original loan; that the interest thus paid fully discharged and extinguished the original indebtedness, and that as there was no subsequent consideration, for the notes sued on, they are hence without consideration, and no recovery can be had thereon. The surety filed a further defense of want of demand, protest and notice of protest. There was judgment against the maker and endorser as prayed for, and from this judgment both appeal. It appears that the initial transaction between plaintiff and A. J. Buddendorf, the maker, occurred in February, 1903. Plaintiff, who was then, as he is now, a stock, bond and note broker, was solicited by the said Buddendorf to discount, or to have discounted, his (Buddendorf's) note for $40.00, due and payable in 30 days. Thereupon plaintiff applied to one of his clients who agreed to and did discount the note at the rate of 3 per cent., conditioned upon plaintiff guaranteeing the note with his own endorsement. This was done, and the discount having been made, the plaintiff retaining 2 per cent as his brokerage fee, the balance in cash was turned over to the maker. Subsequently and before the maturity of this note, additional notes for various sums, maturing in 30 days, and, together with the first note discounted, aggregating in principal the sum of $240.00, were made by Buddendorf, placed in the hands of plaintiff for discount, and were discounted by the latter's same client on the same terms and conditions as was the first note. Retaining his brokerage of 2 per cent, the proceeds of these notes were turned over to Buddendorf. When all these notes matured the maker was unable to meet them, whereupon new notes, at 30-day maturities, were executed for like amounts as the old notes, and in their turn were delivered to the holder of the old notes in settlement and extinguishment of the latter, which were then canceled and surrendered to the maker, the latter, however, again paying the same discount and brokerage charges on the new notes as he had paid on the old ones. This process of renewal and discount was kept up at each recurring maturities of the notes, and eventuated in the execution of the notes sued on, which are dated September and October, 1904, and represent in principal the exact amounts of the original loans. It is shown

24

that as a result of these transactions the maker has paid by way of discounts $40.50, and by way of brokerage $26.50.

It may not be doubted that the settlement or extinguishment of a promissory note and its surrender to its maker is a valid consideration for a new promissory note. This was so held in Lanata vs. Bayhi, 31 A. 229, and this principle is now incorporated in the 25th section of Act No. 64 of 1904, which declares that:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time."

Nor can there be any doubt as to the validity of the notes sued on as well as to the validity of the pre-existing notes during their life, notwithstanding that they, as also the notes sued on, were discounted at usurious rates. None of the notes were conditioned to bear more than 8 per cent per annum interest, the interest running from their respective maturities; hence, at whatever rate they may have been discounted, they are protected by Article 2924, C. C., which declares that:

"* * * The owner or discounter of any note or bond, or other written evidence of debt for the payment of money, payable to order or bearer, or by assignment, shall have the right to claim and recover the full amount of such note, bond or other written evidence of debt, and all interest not beyond 8 per cent per annum interest that may accrue thereon, notwithstanding that the rate of interest or discount at which the same may be or may have been discounted has been beyond the rate of 8 per cent per annum interest or discount; but this provision shall not apply to the banking institutions of this State in operation under existing laws. The owner of any promissory note, bond or other written evidence of debt for the payment of money, to order or bearer, or transferable by assignment, shall have the right to collect the whole amount of such promissory note, bond or other written evidence of debt for the payment of money, notwithstanding such promissory note ,bond or other evidence of debt for the payment of money may include a greater rate of interest or discount than 8 per cent per annum; provided, such obligation shall not bear more than 8 per cent per annum after maturity."

In Bank vs. Regan et al., 40 A. 18, notes were discounted

at the rate of nine per cent, and the maker, when sued thereon contended that the notes should be reduced by the amount of the usurious interest charged. To this the Court said: "We do not see how this relief could be granted unless we should strike out Article 2924 of the Civil Code, which is in the following terms: the Court then quoting the sections of the Article as above. To the same effect, as we understand the case, is Huntington vs. Westerfield, 119 La. (So. Rep., Vol. 44, No. 5 p. 317.)

The judgment appealed from is therefore affirmed.

November 25, 1907.

Rehearing refused Dec. 30, 1907.