[Civil No. 2220.  Filed December 10, 1924.]

[230 Pac. 1103.]

# RICHARD SUMID, Appellant, v. CITY OF PRESCOTT, Appellee.

MUNICIPAL CORPORATIONS — MUNICIPALITY OPERATING WATERWORKS HELD LIABLE AS "CORPORATION" FOR INJURY TO EMPLOYEE.—Municipal corporation engaged in constructing a tunnel connecting underground water-main with city reservoir, as authorized by Constitution, article 13, section 5, and Laws of 1921, chapter 31, *held* liable under Employers' Liability Law, as employing "corporation" within Civil Code of 1913, paragraph 3154, for an injury sustained by one engaged in hazardous work within paragraph 3156, subdivision 9.

See (1) 28 Cyc., p. 1287.

APPEAL from a judgment of the Superior Court of the County of Yavapai. John J. Sweeney, Judge. Judgment reversed and cause remanded.

Messrs. O'Sullivan & Morgan, for Appellant.

Mr. A. H. Gale, City Attorney, Mr. Le Roy Anderson and Mr. George W. Nilsson, for Appellee.

ROSS, J.—The plaintiff, who is the appellant here, seeks by his complaint to recover from the defendant city damages for personal injuries suffered while he was engaged as an employee in constructing a tunnel connecting an underground water-main with the city reservoir, in which the defendant's water supply is stored for delivery to its inhabitants. The complaint sets forth that defendant owns its water-works system, and at the time of the injury, and for a number of years prior thereto, had been operating it, selling and delivering water to consumers for pay; that the work plaintiff was doing was necessary and hazardous. He bases his right of recovery on the

Employers' Liability Law (chapter 6, title 14, Civil Code 1913), claiming that his injury was due to a condition or conditions of his occupation.

The defendant's demurrer raised the point that it was not liable under such law for two reasons: (1) That the Employers' Liability Law does not provide for a liability in favor of an employee as against his employer when such employer is a municipal corporation; and (2) in no event should defendant be liable because the work in which plaintiff was injured was being carried on by it in its political or governmental capacity. The court sustained the demurrer and entered judgment of dismissal.

The question for decision is purely one of law, and depends upon the meaning to be ascribed to the word "corporation," as used in describing those employers liable to pay damages under the Employers' Liability Law. The statute (paragraph 3154) makes "any employer, whether individual, association, or corporation" liable to an employee (when his injury is not caused by his own negligence) in those occupations declared and determined in paragraph 3156 to be hazardous, among which is mentioned, "(9) All work in the construction and repair of tunnels, subways and viaducts." The limitation in the statute is in the character of the employment and not in the character of the employer. The occupation in which the injury or death occurs must be one of those declared and determined to be hazardous, and, that desideratum being satisfied, the liability would seem to follow, whether the employer be a natural person, or an association of natural persons, or a corporation. The facts and circumstances set out in the complaint clearly constitute a cause of action under the Employers' Liability Law against any and every employer, unless it be a municipal corporation. In other words, if the plaintiff had been hurt in the

circumstances and manner described while working for an individual, or a partnership, or a private corporation, his employer, such employee's injury not having been caused by his own negligence, would obviously be liable in damages.

The question is, Does the word "corporation" include a municipal corporation as well as a private corporation? Every dictate of policy and reason would answer this question in the affirmative, especially when the enterprise is one of a private or business nature. The underlying purpose and aim of the Employers' Liability Law was to protect the employee, or his dependents, from personal injury losses sustained in hazardous occupations, by shifting such losses to the public as added cost of production. If a municipality enter the field of private industry and enterprise, it can care for such losses as well as an individual, or an association of individuals, or a private corporation could by adding the losses to the cost of production. To exempt it from such liability while imposing liability upon others engaged in the industry would give a municipality an unfair and discriminatory advantage over its competitors, should there be any.

The right of action under the Employers' Liability Law is radically different from the common-law right of action for negligence. Instead of restricting the common-law right, it introduces into our law a policy of liability extending and enlarging that right. To construe the statutory action as unavailable to an employee of a municipality engaged in private enterprise would be a denial of a right analogous to the common-law right of recovery for negligence. Under the common law a municipal corporation exercising proprietary or business powers was regarded *quo ad hoc* a private corporation, and was liable to the same extent and on the same principles as a private cor-

27 Ariz.—8

poration. 28 Cyc. 1287; 4 Dillon, Munic. Corp., 5th
ed., §§ 1631, 1670; *Lloyd v. Mayor,* 5 N. Y. (1 Sel-
den) 369, 55 Am. Dec. 347; *Safety Insulated Wire &
Cable Co.* v. *Mayor of Baltimore,* 66 Fed. 140, 13
C. C. A. 375; *City of Henderson* v. *Young,* 119 Ky.
224, 83 S. W. 583; *Illinois Trust & Sav. Bank* v. *City
of Arkansas City,* 76 Fed. 271, 34 L. R. A. 518, 22
C. C. A. 171; *Keever* v. *Mankato,* 113 Minn. 55, Ann.
Cas. 1912A, 216, 33 L. R. A. (N. S.) 339, 129 N. W.
158, 775. In the latter case it is said:

"When a municipality engages in a private enter-
prise for profit, it should have the same rights and
be subject to the same liabilities as private corpora-
tions or individuals."

The construction contended for is not in harmony
with the spirit or purpose of the law. It would be
establishing a rule more restrictive than the common-
law rule in analogous cases, and it would discriminate
between employers of labor in the same occupations
under the same or similar circumstances.

The word "corporation," in a context somewhat
similar in Lord Campbell's Act, has been construed
to include municipal corporations. Lord Campbell's
Act, in some form or other, has been adopted by most
every state in the Union. Before it was enacted no
right of action existed for wrongful death. It created
a right of action, and our court has decided that it
was a new action, purely statutory. *Jennings* v.
*Lister,* 22 Ariz. 185, 195 Pac. 1113. It provides
that—

"The person who, or the corporation which, would
have been liable if death had not ensued, shall be
liable to an action for damages. . . . " Paragraph
3372, Civil Code 1913.

This particular language is common to most of the
adaptations of Lord Campbell's Act.

In *Murphy* v. *Board of Chosen Freeholders,* 57. N. J. L. 245, 31 Atl. 229, it was contended that the word "corporations," in a context like our paragraph 3372, did not include municipal corporations. That court decided that it comprehended municipal corporations, and uses this language in that connection:

"Besides, the word 'corporations,' in its general and ordinary sense, embraces both public and private corporations, and there is nothing in the language or spirit of the statute which narrows or restricts this general meaning and confines it to any one class of corporations. The act is intended to give a right of action against persons or corporations against whom a liability existed if death had not ensued, and in the absence of any language in the act which either expressly or impliedly excludes public corporations, it would, upon principle, be clear that they were intended to be and are included within the provisions of the act, which, in its nature, must be liberally and beneficially interpreted; if otherwise interpreted its inherent import would be restricted and the remedy therein provided be materially impaired. A suable wrong committed by a public corporation should not become remediless by the death of the person injured. In this case there exists no circumstance upon which such a restriction could be based in order to diminish by construction the natural meaning and force of the terms used in the statute. In the construction of a remedial statute, the rule is to avoid all subtle inventions and evasions for the continuance of the mischief and denial of the remedy, *et pro privato commodo;* the duty of the court is to add force and life to the cure and remedy according to the true intent of the maker of the act, *pro bono publico.*"

See, also, *Keever* v. *Mankato, supra; Keep* v. *Nat'l Tube Co.* (C. C.), 154 Fed. 121.

The state Constitution, section 5 of article 13, provides that municipal corporations may engage "in any business or enterprise which may be engaged in by a person, firm, or corporation by virtue of a franchise from said municipal corporation." This con-

stitutional right has been recognized and provided for by the legislature. Chapter 31, Laws 1921. Given a free hand to operate where any person, firm or corporation may, consistency as well as public policy ought to impose upon municipalities the same duties and obligations as are imposed upon persons, firms or corporations.

The appellee, however, contends that this court in *Morrell* v. *City of Phoenix,* 16 Ariz. 511, 147 Pac. 732, decided the identical questions, and held that "the word 'corporation,' wherever used in . . . article 18 [Constitution], entitled 'Labor,' has reference to private corporations, and not to cities or towns." The quoted language was used in the Morrell case. However, in that case the question before the court was very different from the question we here have. In the Morrell case the city claimed that its charter exempted it from liability for damages on account of injuries sustained growing out of the malfeasance, misfeasance or neglect of duty of its officers or other authorities. Morrell was injured, while sprinkling the streets of the city, by an unruly, fractious and unmanageable team of horses that had been furnished him by the city authorities. The exemption claimed by the city was expressly provided for by its charter. The holding was that the charter provisions were valid and the claim of the city in that regard tenable. The sweeping statement that the word "corporation," wherever it occurred in article 18 of the Constitution, had reference to private corporations and not cities or towns, was not necessary to the decision of the case. If a definition of it were necessary at all, it should have been restricted to the meaning of the word as it occurs in section 3 of said article wherein certain contracts are prohibited employers and declared to be null and void if made. There was no necessity for a

definition of the word as it appears in section 7 of said article, being the section providing for the enactment of the Employers' Liability Law. The Morrell case, besides being an action for negligence, grew out of the performance of a governmental or political duty, and not out of a proprietary business of the city, as in this case. It was based upon the common law of negligence and controlled by common-law rules and not by the Employers' Liability Law. The demurrer should not have been sustained.

For the reasons above given, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

McALISTER, C. J., and LYMAN, J., concur.