400 P.2d 364

**Melford L. REEVES and Thelma Reeves, his wife, doing business as Reeves Sand and Rock Company, Appellants,**

v.

**CITY OF PHOENIX, a municipal corporation, Appellee.***

**No. I CA–CIV 9.**

Court of Appeals of Arizona.

March 25, 1965.

Rehearing Denied April 22, 1965.

Review Denied June 2, 1965.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7448. This matter was referred to this Court pursuant to Section 12–120.23, A.R.S.

Gibbons, Kinney & Tipton, by Jack C. Warner, Phoenix, for appellants.

Merle L. Hanson, City Atty., by William F. Manley, Asst. City Atty., for appellee.

DONOFRIO, Judge.

This is an action in forcible detainer brought by Appellee City of Phoenix against Appellants Melford and Thelma Reeves, doing business as Reeves Sand and Rock Company. The Court below found defendants guilty of forcible entry and rendered a judgment in favor of the plaintiff for possession and restitution of the premises. Defendants appeal from this judgment, and the court's order denying their motion for a new trial.

The City of Phoenix, hereinafter referred to as plaintiff, was the fee owner since 1924 of two 80 acre parcels of real estate located in Section 23, Township 1 North, Range 2 East, Gila and Salt River Base and Meridian, one of which is the land in dispute. There is no evidence of any formal dedication to a public use of any of the land. The appellants, hereinafter referred to as defendants, operated their place of business on the adjoining land to the south which they owned in fee. Defendants placed and conducted an operation to remove sand and gravel from the disputed land in either the year 1947 or 1948. The evidence conclusively established that this entry was at least twelve years before the City brought the present action. The possession of the property and the operation of taking material was open, exclusive and continuous during all this period of time.

The only question which needs to be answered by this appeal is whether the City was barred by Section 12-542(6), Arizona Revised Statutes, hereinafter set forth, from prosecuting this action of forcible entry more than two years after the defendants commenced their entry upon the land.

The plaintiff contends that as a political subdivision of the state, it is by virtue of A.R.S. § 12-510, exempt from the running of this statute of limitation. Said section reads:

"The state shall not be barred by the limitations of actions prescribed in this chapter."

While in a general sense the functions of municipal corporations are all of a public nature, it is well recognized and generally established that a municipal corporation possesses a dual capacity exercising correspondingly twofold functions. In the first of these capacities, the corporation exercises functions variously designated as public or governmental. When thus acting, it possesses the attributes of sovereignty. In its other capacity it exercises functions variously designated as private, corporate, proprietary, or municipal. 62 C.J.S. Municipal Corporations § 110, pp. 239–246; City of Tucson v. Sims, 39 Ariz. 168, 4 P.2d 673 (1931); City of Milwaukee v. Raulf, 164 Wis. 172, 159 N.W. 819 (1916).

Under our constitution and statutes, Section 5 of Article 13, A.R.S. as implemented by other laws, a municipality may function in a proprietary capacity. In the instant case the plaintiff under this authority held the land in question in a proprietary capacity. It was vacant land and never dedicated to any public use. In interpreting the constitutional provision (supra) and related laws our Court in Sumid v. City of Prescott, 27 Ariz. 111, 230 P. 1103 (1924) at page 116 of the Arizona Reports, 230 P. at page 1105 stated:

"Given a free hand to operate where any person, firm, or corporation may, consistency as well as public policy ought to impose upon municipalities the same duties and obligations as are imposed upon persons, firms, or corporations."

The precise question then is whether the plaintiff is subject to the following statute when acting in a proprietary capacity:

"There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions: * * *

"6. For forcible entry or forcible detainer, which action shall be considered as accruing at the commencement of the forcible entry or detainer." Sec. 12–542(6), A.R.S.

▮ In our research we cannot find where Arizona has passed upon this question. The overwhelming, if not the almost uncontradicted weight of authority, holds that Statutes of Limitation run against municipalities when they are engaged in proprietary activities. They enjoy sovereign immunities from limitation statutes only when acting in their governmental capacities. 53 C.J.S. Limitations of Actions § 17, pp. 947–948; 34 Am.Jur., Limitation of Actions, Sec. 397, p. 311.

We have carefully examined the three City of Bisbee against Cochise County cases cited by both sides, namely City of Bisbee v. Cochise County, 44 Ariz. 233, 36 P.2d 559 (1934); City of Bisbee v. Cochise County, 50 Ariz. 360, 72 P.2d 439 (1937); City of Bisbee v. Cochise County, 52 Ariz. 1, 78 P.2d 982 (1938). In these cases the City of Bisbee sued to collect from the County of Cochise, part of its money raised by taxation and held by the latter without authority of law. The court held the statute of limitations involved therein did not apply. The cases are distinguishable from the instant case because in the last one of these opinions, which was a petition for rehearing, our court said:

"* * * we think that, in instances like those involved in the present case, there can be no question that the rights sued upon by the plaintiff are *public* in the strictest sense of the term. One of the most important powers of sovereignty is that of taxation—the taking from a citizen of a contribution against his will, to be applied to purposes of which he may not approve[d]." (Emphasis supplied)

City of Bisbee v. Cochise County, 52 Ariz. 1, 16, 78 P.2d 982, 988.

The case turned on the fact that the municipality was acting in a *public* capacity rather than in a private or proprietary capacity. This is made clear by the fact that in the opinion of the same case the court said:

"* * * When, however, the action is not brought by nor for the benefit of the state itself, but by and for the benefit of one of its municipal corporations, the authorities are in hopeless conflict. It is quite generally held that so far as contracts of such corporations or mere private rights pertaining to them are concerned, they, like private citizens, may plead or have pleaded against them the appropriate statute of limitations. City of Alton v. Illinois Transp. Co., 12 Ill. 38, 52 Am.Dec. 479; City of Chicago v. Dunham Towing Co., 246 Ill. 29, 92 N.E. 566, 32 L.R.A.(N.S.), 245, 20 Ann.Cas. 426." City of Bisbee v. Cochise County, 50 Ariz. 360, 365, 72 P.2d 439, 441.

▮ The general rule borne out by the quoted authorities which involve similar statutes, is that municipalities are immune from the bar of limitations when acting in a governmental capacity as agents of the State in matters of state-wide concern but are exempt from such statutes when acting in its proprietary capacity. The City of Bisbee decisions are consistent with this general rule which we believe to be sound. In the instant case the plaintiff was acting in a proprietary capacity. Had the Arizona Legislature desired to extend the exemption found in § 12–510, A.R.S. to all of the political subdivisions of the State of Arizona in proprietary as well as governmental functions a simple amendment to that section could have been passed. The position of the plaintiff that the statute of limitations does not apply in this case is not well taken.

We hold, therefore, that the lower court was in error in not holding the statute of limitations applicable.

We understand the parties hereto have pending in the lower court, a quiet title action covering the same property involved in this forcible detainer action. Inasmuch as the instant case is purely a possessory action, this appeal is not determinative of the issues of said action and is rendered without prejudice to said proceedings.

Reversed with directions to enter judgment finding defendants not guilty of forcible entry.

STEVENS, C. J., and CAMERON, J., concurring.