850 P.2d 115

**PIMA COUNTY, a body politic, Plaintiff–Appellant,**

v.

**The STATE of Arizona, a body politic, Defendant–Appellee.**

**No.´ 1 CA–CV 91–0570.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 10, 1992.

Reconsideration Denied Oct. 29, 1992.

Review Denied May 4, 1993.*

* Feldman, C.J., and Zlaket, J., of the Supreme Court, voted to grant review.

Risner & Graham by William J. Risner and Bob Schwartz, Tucson, for plaintiff-appellant.

Grant Woods, Atty. Gen. by Michael G. Prost and John E. Birkemeier, Asst. Atty. Gen., Phoenix, for defendant-appellee.

## OPINION

GERBER, Judge.

### FACTS AND PROCEDURAL HISTORY

This appeal arises from Pima County's challenge to its required contribution to the Arizona Health Care Cost Containment System ("AHCCCS") fund. The AHCCCS fund comprises contributions from the counties, the state and the federal government. Ariz.Rev.Stat.Ann. ("A.R.S.") section 11–292 requires that each county pay a fixed percentage of a figure determined by the auditor general to be the lesser of the amount budgeted or expended for indigent patients in the base year 1980–81. Pima County claims that the amount initially established for its base year was mistaken and that all annual calculations based on it since then have been in error.

The parties filed cross-motions for summary judgment. Pima County sought restitution of overpayments or, in the alternative, damages on a theory of negligence. The trial court denied this motion. The state sought summary judgment against Pima County for failure to state a claim under A.R.S. section 11–292(C). The trial court granted this motion, from which Pima County now appeals.

### ISSUES

The issues raised on appeal are as follows:

(1) Whether the trial court erred in finding that Pima County was foreclosed from bringing suit against the state based on the doctrine of legislative immunity;

(2) Whether the trial court erred in finding that Pima County failed to state a claim under A.R.S. section 11–292(C).

The state on cross-appeal raises the question whether the trial court erred in finding that Pima County escaped the statute of limitations.

### DISCUSSION

*Statute of Limitations*

The state argues that Pima County's claim is barred by the statute of limitations. The applicable statutes are either one year for actions based on liability created by statute or two years for liability based on negligence.

The common law rule of *nullum tempus occurrit regi* ("time does not run against the king") is codified in A.R.S. section 12–510 ("... the state shall not be barred by the limitations of actions prescribed in this chapter.") The state contends that it is only the state itself that escapes the application of statutes of limitation.

Exemption from the statute does apply equally to a political subdivision such as the county if it performs a governmental function akin to that of the state. *Reeves v. City of Phoenix,* 1 Ariz.App. 157, 159, 400 P.2d 364, 366 (1965); *City of Bisbee v. Cochise County,* 52 Ariz. 1, 78 P.2d 982 (1938). In *Reeves* the city brought a forcible detainer action against its tenant. The defendants operated a business on city-owned land not dedicated to public use. The court denied the exemption. It held that a municipality escapes the statute of limitation if it acts in a governmental capacity as an agent of the state in a matter

of state-wide concern. When the municipality acts in its proprietary capacity there is no such exemption. In *Bisbee* the city sued to recover taxes collected by the county for the benefit of the city. The court found that the statute of limitations did not run against the city because it was performing this activity in a governmental setting.

As in *Bisbee*, Pima County's collection of tax revenues for AHCCCS is the performance of a governmental activity of state-wide concern. We conclude that the nature of the county's activity exempts the county from the statute of limitations. The trial court correctly denied the state summary judgment on this issue.

*Legislative Immunity*

In the trial court, the state argued that the auditor general merits legislative immunity because he is an officer appointed by and reporting to the Joint Legislative Budget Committee. The trial court apparently agreed; it granted summary judgment under A.R.S. section 11–292(C) because it viewed the auditor general as "an arm of the legislature." We disagree with this conclusion.

■ A.R.S. section 12–820.01 provides: "A public entity shall not be liable for acts and omissions of its employees constituting:

1. The exercise of a judicial or legislative function; or
2. The exercise of an administrative function involving the determination of fundamental governmental policy."

The statute grants immunity depending on the type of function rather than merely granting blanket immunity for all who work for the legislature. *Ryan v. State*, 134 Ariz. 308, 656 P.2d 597 (1982), rejected global sovereign immunity in preference for the restricted immunity enshrined in A.R.S. section 12–820.01.

■ Under *Cinevision Corp. v. City of Burbank*, 745 F.2d 560 (9th Cir.1984), *cert. denied* 471 U.S. 1054, 105 S.Ct. 2115, 85 L.Ed.2d 480 (1985), immunity arises not by the form or appointment of an officer but by the nature of the task performed. A court must thus decide if the acts of the state officer—here, the auditor general—"contain a matter which is properly to be regarded as legislative in character and effect." *Id.* at 580, (*quoting INS v. Chadha*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983)). If the auditor general's duties are policy-related, they are immune; otherwise, if his duties merely implement policy shaped by the legislature, his actions are not immune.

■ Pursuant to A.R.S. section 11–292(C), the auditor general makes an audit of the county's health expenditures and sets the dollar amount to be paid by each county into the AHCCCS fund. While it may well be a complex accounting, this task is a factual, statistical determination involving movement of dollars; it is not an act of legislative policy making. The trial court erroneously ruled that the auditor general acts as an arm of the legislature in making AHCCCS assessments. No immunity exists for the kinds of auditing activities performed by the auditor general in making AHCCCS assessments.

*Failure to state a cause of action*

The trial court granted summary judgment to the state on the factual issues, finding no issue of material fact. It also found that Pima County had no expert evidence that the initial AHCCCS assessment was in error. The county now argues that it was not obliged to put forth any evidence about the error of the initial assessment because the burden of proof was on the state, not on the county.

■ We disagree. As plaintiff, the county had that burden. Under *Orme School v. Reeves*, 166 Ariz. 301, 310, 802 P.2d 1000, 1009 (1990), "the party moving for summary judgment need merely point out by specific reference to the relevant discovery that no evidence exists to support an essential element of the claim." *Orme* held that "[i]f the party with the burden of proof on the claim or defense cannot respond to the motion by showing that there is evidence creating a genuine issue of fact

on the element in question, then the motion for summary judgment should be granted." *Id.*

 Furthermore, the quantum of evidence required of the county is set forth in the statute. A.R.S. section 11–292(C) mandates that the determination of the amount to be paid to AHCCCS "shall be based on audits performed by the auditor general." The county responds that it submitted "audit procedures", "statistical surveys" and affidavits to support its motion. While these matters were indeed given to the trial court, they fell short of satisfying the county's burden of proof. The county's expenditure records for indigent medical care during the base year could not be audited. As the trial judge indicated, these documents were insufficient to support allegations of error in the calculation of the initial assessment. A.R.S. section 41–1279.-03(A) requires that "... audits shall be conducted in accordance with generally accepted governmental auditing standards." As a certified public accountant, the auditor general is bound by the rules which govern accountants, specifically by State Board of Accountancy Rule 4–1–455(B)(2) which states that:

> A certified public accountant or public accountant shall not permit his name to be associated with financial statements ... unless he has complied with all applicable generally accepted auditing standards. The generally accepted auditing standards of the American Institute of Certified Public Accountants are hereby adopted by the Board.

Such auditing standards were not shown to the trial court to support the alleged error. The county was unable to show the trial court that the state's original base year amount was erroneous under A.R.S. section 11–292(C). Therefore, the trial court was correct in granting the state's motion for summary judgment in view of the county's failure to support its claim under A.R.S. section 11–292(C).

## CONCLUSION

While we disagree with the trial court's finding in favor of the state on the issue of legislative immunity, and agree that the statute of limitations does not apply here to Pima County, we affirm the trial court's grant of summary judgment in favor of the state based on Pima County's failure to support its claim under A.R.S. section 11–292(C).

CONTRERAS, P.J., and GRANT, J., concur.