D'Arcy DOWNS–VOLLBRACHT,
a married woman, Plaintiff–
Appellant,

v.

Mary P. STRINGER, wife; Tony Port-
man, husband; The City of Bull-
head, Defendants–Appellees.

D'Arcy Downs–Vollbracht, a married
woman, Plaintiff–Appellee,

v.

Mary P. Stringer, wife; Tony Portman,
husband; The City of Bullhead,
Defendants–Appellants.

No. 03–17362, 04–16205.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Nov. 30, 2005.

James M. Jellison, Esq., Schleier Jellison & Schleier, PC, Phoenix, AZ, for Plaintiff–Appellant/Appellee.

Susan E. Anderson, Esq., Richard S. Cohen, Esq., Troy Foster, Esq., Lewis & Roca, LLP, Phoenix, AZ, for Defendants–Appellees/Appellants.

Susan M. Freeman, Esq., Lewis & Roca, LLP, Phoenix, AZ, for Defendants–Appellants.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and HATTER,* District Judge.

## MEMORANDUM **

D'Arcy Downs–Vollbracht brought this action against Mary Stringer, Tony Portman,[1] and the City of Bullhead, Arizona. Although she obtained a judgment against Stringer based upon pretermination retaliation, she appeals the district court's grant of summary judgment against her on other claims.[2] Stringer also appeals and asserts that errors were made at trial.[3] We affirm in part, reverse in part, and remand.

(1) Downs–Vollbracht sought to impose liability upon Stringer or to increase damages on account of two separate, though related, courses of conduct by Stringer. The district court determined that both were covered by legislative immunity. We agree as to the first, but not as to the second.

■ As far as 42 U.S.C. § 1983 is concerned, there can be no doubt about "[t]he principle that legislators are absolutely immune for their legislative activities," and that is "fully applicable to local legislators." *Bogan v. Scott–Harris*, 523 U.S. 44, 48–49, 118 S.Ct. 966, 970, 140 L.Ed.2d 79 (1998); *see also Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 577 (9th Cir.1984). The immunity covers "all actions taken in the sphere of legitimate legislative activity," even if those happen to particularly affect one individual. *Bogan*, 523 U.S. at 54, 118 S.Ct. at 972 (internal quotation marks omitted). A person who is not a member of the legislative branch may have legislative immunity, if she engages in actions which are "integral steps in the legislative process." *Id.* at 55, 118 S.Ct. at 973; *see also Chateaubriand v. Gaspard*, 97 F.3d 1218, 1220 n. 2 (9th Cir.1996). We agree with the district court that the decision not to create and find a full-time Assistant City Magistrate position was a legislative action. *See Kaahumanu v. County of Maui*, 315 F.3d 1215, 1220 (9th Cir.2003); *Bechard v. Rappold*, 287 F.3d 827, 829 (9th Cir.2002); *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 476 (9th Cir.1998). Thus, the district court properly held that Stringer was entitled to absolute legislative immunity regarding the failure to create a full-time Assistant City Magistrate position.

■ When it comes to the decision to terminate Downs–Vollbracht, however, we

---

* The Honorable Terry Hatter, Senior United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Mr. Portman is Stringer's spouse and was joined for that reason. He has no further involvement, and his liability, if any, will turn on Stringer's. Thus, while we will not refer to him separately, what we say as to Stringer's liability will include him.

2. Judge Sedwick granted the summary judgment motions.

3. Judge Rosenblatt conducted the trial proceedings.

must reach a different conclusion. Downs–Vollbracht's position—part-time Assistant City Magistrate—was created by statute, *see* Bullhead City, Ariz., Ordinance 2000–1059 (Aug. 15, 2000), and was never eliminated by similar legislative action. Instead, Stringer made the decision to get rid of Downs–Vollbracht. That was administrative in nature. *See Chateaubriand,* 97 F.3d at 1220–21. In addition, it was ad hoc, directed at Downs–Vollbracht herself, not formally legislative, and without the traditional hallmarks of legislation. *See Bechard,* 287 F.3d at 829. Stringer was not entitled to legislative immunity for that decision.[4]

■■■ (2) The district court determined that Downs–Vollbracht could not proceed against the City on her § 1983 claim because she had not even pled a claim that the City was responsible on anything but a respondeat superior theory. Of course, respondeat superior will not do. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). It is true that notice pleading rules apply. *See Leatherman v. Tarrant County Narcotics Intellegence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). But even those minimal standards were not met. *See Lee v. City of L.A.,* 250 F.3d 668, 682–83 (9th Cir.2001); *Karim–Panahi v. L.A. Police Dep't,* 839 F.2d 621, 624 (9th Cir.1988).[5] Therefore, the district court did not err when it dismissed Downs–Vollbracht's § 1983 claim against the City.[6]

■■■ (3) Stringer complains that at trial the district court improperly admitted some evidence regarding Downs–Vollbracht's termination and about full-time Assistant City Magistrate funding. On this record, even if there was some evidentiary error, "it is more probable than not that the jury would have reached the same verdict" absent the error. *Obrey v. Johnson,* 400 F.3d 691, 701 (9th Cir.2005). Thus, the verdict must stand.[7]

We AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

4. Stringer also asserts that she is entitled to immunity on Downs–Vollbracht's state claims against her. However, it appears that immunity determination would not significantly differ from the approach in § 1983 actions. *See, e.g.,* Ariz.Rev.Stat. § 12–820.01.A.1; *Ariz. Indep. Redistricting Comm'n v. Fields,* 206 Ariz. 130, 75 P.3d 1088, 1095–96 (2003); *Pima County v. State,* 174 Ariz. 402, 850 P.2d 115, 118 (1992). Nor on this record does it appear that the ad hoc decision to terminate Downs–Vollbracht represented some sort of fundamental governmental policy decision. *See* Ariz.Rev.Stat. § 12–820.01.A.2.; *Doe ex rel. Doe v. State,* 200 Ariz. 174, 24 P.3d 1269, 1271 (2001).

5. Downs–Vollbracht faults the district court because it did not grant her leave to amend. However, there was a scheduling order under Fed.R.Civ.P. 16(b), and Downs–Vollbracht sought to amend after the cutoff date for amendments without showing any good cause for her dilatoriness. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294–95 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–08 (9th Cir.1992).

6. As to the state law claims against the City, just as Stringer is immune from liability for the decision not to fund a full-time Assistant City Magistrate position, the City is. And just as she is not immune for the decision to terminate Downs–Vollbracht, the City is not. *See supra* note 4.

7. We are also unable to say that the $6,500 back-pay award was excessive or that it was "clearly not supported by the evidence." *Del Monte Dunes at Monterey, Ltd. v. City of Monterey,* 95 F.3d 1422, 1435 (9th Cir.1996). Rather, we will, as we must, accord "substantial deference to a jury's finding of the appropriate amount of damages." *Id.*