NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STEVEN SUSSEX, et al., *Plaintiffs/Appellants*,

*v.*

CITY OF TEMPE, *Defendant/Appellee*.

No. 1 CA-CV 16-0207
FILED 2-28-2017

Appeal from the Superior Court in Maricopa County
No. CV 2015-005685
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

Wilenchik & Bartness PC, Phoenix
By John D. Wilenchik, Gregory A. Robinson
*Counsel for Plaintiff/Appellant*

Tempe City Attorney's Office, Tempe
By Judith R. Baumann, Christopher B. Davis
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

**D O W N I E**, Judge:

¶1 Steven and Virginia Sussex appeal the dismissal of their quiet title action against the City of Tempe ("City") and the denial of their motion for leave to file an amended complaint. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 The Sussexes contend that they and their ancestors acquired title to property located at 320 W. 1st St. in Tempe, Arizona ("the Property") via adverse possession no later than 1977, and, potentially, as early as 1902. They allege that since 1967, they have "openly resided on, operated a business on, stored items on, and allowed family members to reside on the property and in the home on a continuous basis, exclusively and adversely."

¶3 The record reflects that the State of Arizona quit-claimed the Property to the Union Pacific Railroad Company in December 2002. That same month, the railroad conveyed the Property to the City. Some time thereafter, the City demanded that the Sussexes vacate the premises, asserting they were trespassing on City property.

¶4 On May 14, 2015, the Sussexes filed an action in superior court against the City predicated on Arizona Revised Statutes ("A.R.S.") section 12-526, which provides, in pertinent part:

> A person who has a cause of action for recovery of any lands . . . from a person having peaceable and adverse possession thererof, cultivating, using and enjoying such property, shall commence an action therefor within ten years after the cause of action accrues, and not afterward.

A.R.S. § 12-526(A).[1] The Sussexes allege that because the City did not timely commence an action under A.R.S. § 12-526, they acquired title to the Property "through adverse possession, and perfected their title no later than December 24th, 2012."

---

[1] We assume, without deciding, that the City is a "person" within the meaning of A.R.S. § 12-526(A). *Cf. City of Tempe v. State*, 237 Ariz. 360, 365, ¶ 15 (App. 2015) (holding that the City is a "person" within the meaning of A.R.S. § 41-1491(9)).

¶5      The City filed a motion to dismiss pursuant to Arizona Rule of Civil Procedure 12(b)(6). The Sussexes then filed an amended complaint, adding allegations that the City intended to develop the Property "for its own profit, to the exclusion of the State, and in its capacity as a corporate body."

¶6      After the motion to dismiss was argued, but before the superior court ruled, the Sussexes sought leave to file a second amended complaint to add allegations that the City issued municipal bonds and incurred debt in order to acquire the Property. The superior court granted the motion to dismiss and denied the motion to amend, ruling the proposed amendments would be futile. After final judgment was entered, the Sussexes timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

¶7      We review the dismissal of a complaint pursuant to Rule 12(b)(6) *de novo* and "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012).

¶8      Relying on A.R.S. § 12-526(A), the Sussexes contend the City was required to file an action within ten years of December 23, 2002 — the date it acquired an interest in the Property.[2] Because the City did not do so, the Sussexes assert, title should be quieted in them. *See Overson v. Cowley*, 136 Ariz. 60, 65 (App. 1982) ("The effect of the bar under the limitation statute, A.R.S. § 12-526, in an action to recover the property is to confer title on the adverse possessor.").

¶9      Section 12-510, though, materially limits the application of A.R.S. § 12-526(A). Entitled "Exemption of state from limitations," A.R.S. § 12-510 states that "[e]xcept as provided in § 12-529, the state shall not be

---

[2]     According to the City, it actually acquired the Property in two segments — in 2002 and 2005, respectively. Any discrepancy regarding the acquisition dates is immaterial to our legal analysis. In an earlier proceeding between the Sussexes and the State of Arizona, this Court discussed the chain of title to the Property in greater detail. *See State ex rel. Baier v. Sussex*, 1 CA-CV 13-0009, 2014 WL 1056925 (Ariz. App. Mar. 18, 2014) (mem. dec.).

barred by the limitations of actions prescribed in this chapter."[3] The Sussexes contend municipalities are not encompassed by the term "state" in § 12-510, and, in any event, "[n]early a century of caselaw in this state has unequivocally held that statutes of limitation run against municipal corporations when they are engaged in separate 'corporate' activities, or are otherwise exercising their unique constitutional right to do what any 'person, firm, or corporation' can do, but what the 'state' cannot." We disagree.

¶10        As early as 1938, our supreme court held that political subdivisions fall within the purview of A.R.S. § 12-510. *City of Bisbee v. Cochise County*, 52 Ariz. 1, 18 (1938). In *City of Bisbee* the court concluded that Bisbee — a municipality — could sue Cochise County, notwithstanding the expiration of the relevant limitations period, stating:

> We cannot conceive of a county, a municipal corporation, or a school district as exercising any functions whatever except by right of such delegated sovereignty, and it is solely for the purpose of promoting the common weal of its citizens, either of the state as a whole or of the particular subdivision thereof in question, that such power is delegated.

52 Ariz. at 13; *see also Tucson Unified Sch. Dist. v. Owens-Corning Fiberglas Corp.*, 174 Ariz. 336, 337 (1993) (Concluding the term "state" in A.R.S. § 12-510 includes school districts, which "are sufficiently analogous to cities and counties so as to fall within the rationale of *City of Bisbee*.").

¶11        The Sussexes' reliance on *Sumid v. City of Prescott*, 27 Ariz. 111 (1924), *Reeves v. City of Phoenix*, 1 Ariz. App. 157, 159 (1965), and *Pima County v. State*, 174 Ariz. 402 (App. 1992), is unavailing. The Arizona Supreme Court has expressly disavowed language in those cases drawing a distinction between governmental and proprietary activities, stating that it "has never accepted the governmental-proprietary distinction in determining the applicability of A.R.S. § 12-510." *Tucson Unified*, 174 Ariz. at 338. The court explained:

> [I]n *City of Bisbee,* we intimated strongly, but did not hold, that the "old distinction . . . between municipalities acting in their sovereign and their private capacity was practically obsolete." *State v. Versluis,* 58 Ariz. 368, 380, 120 P.2d 410,

---

[3]       Section 12-529 deals with claims involving navigable waterways and has no application here.

415 (1941). Such a distinction requires courts to speculate regarding the nature of the government act. Moreover, such a distinction is inconsistent with the plain language of A.R.S. § 12-510. *Id.* ("[T]he explicit language of [section 12-510 shows that] the state itself is always and under all circumstances exempt from statutes of limitations. . . ."); *cf. Ryan v. State,* 134 Ariz. 308, 310, 656 P.2d 597, 599 (1982), *modified by* 1984 Ariz. Session Laws ch. 285 § 3 (codified at A.R.S. § 12-820 *et seq.*) (noting that the governmental-proprietary distinction required speculation in determining whether sovereign immunity applied). By its very nature, whatever power government possesses results from its sovereignty, which is "that public authority which directs or orders what is to be done by each member associated, in relation to the end of the association." *City of Bisbee,* 52 Ariz. at 11, 78 P.2d at 986. Whether the state be acting in its governmental or proprietary capacity, it is nonetheless exercising its sovereign powers. *We therefore hold that, consistent with the purposes and language of the statute, the governmental-proprietary test is not part of A.R.S. § 12-510.*

*Tucson Unified,* 174 Ariz. at 338–39 (emphasis added). Based on the supreme court's unequivocal holding, we reject the Sussexes' contention that *Pima County*, *Reeves* and *Sumid* "remain the standing authority on the subject of municipal immunity" under A.R.S. § 12-510. *See McCreary v. Indus. Comm'n of Ariz.,* 172 Ariz. 137, 142 (App. 1992) (Court of Appeals "is bound to follow the pronouncements of the supreme court.").[4]

¶12 The Sussexes' one-count complaint seeks only to quiet title under A.R.S. § 12-526. In this context, their attacks on the validity of the

---

[4] The Sussexes observe that some states have abrogated the doctrine of *nullum tempus occurit regi* ("time does not run against the king," *In re Diamond Benefits Life Ins. Co.*, 184 Ariz. 94, 96 (1995)), and others do not apply it to municipalities. It is the prerogative of the legislative branch to make such policy decisions. *See Landry v. Superior Court*, 125 Ariz. 337, 338 (App. 1980) ("The legislature may restrict an individual's right to sue the state and the manner in which a suit may be maintained."); *Stulce v. Salt River Project Agric. Improvement & Power Dist.*, 197 Ariz. 87, 93, ¶ 22 (App. 1999) ("Arizona Constitution specifically empowers the legislature to enact statutes of limitations and procedures that may treat lawsuits against the state differently from other lawsuits.").

City's title are unavailing. "In a quiet title action the plaintiff must ordinarily prove his own title and cannot rely on defects in the defendant's title." *Rogers v. Bd of Regents of Univ. of Ariz.*, 233 Ariz. 262, 270, ¶ 30 (App. 2013); *see also Saxman v. Christmann*, 52 Ariz. 149, 155 (1938) (In a quiet title action, the claimant "cannot recover on the weakness of his adversary's title.").

¶13 Dismissal of a complaint under Rule 12(b)(6) is appropriate if, as a matter of law, the plaintiffs "would not be entitled to relief under any interpretation of the facts susceptible of proof." *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224 ¶ 4 (1998). Even accepting as true the well-pled allegations of the Sussexes' complaint, the superior court properly dismissed their quiet title action. The City's failure to bring an action within ten years of acquiring the Property did not, as a matter of law, quiet title in the Sussexes.

¶14 The Sussexes also contend the court should not have dismissed their complaint without conducting an evidentiary hearing pursuant to A.R.S. § 12-1104(A). But the Sussexes did not raise this argument or request a hearing in the superior court and have thus waived the issue for purposes of appeal. *See In re MH 2008-002659*, 224 Ariz. 25, 27, ¶ 9 (App. 2010) ("We do not consider arguments raised for the first time on appeal except under exceptional circumstances."); *State v. Kinney*, 225 Ariz. 550, 554, ¶ 7 (App. 2010) (preserving an argument for appellate review requires a party to make a sufficient argument to allow the trial court to rule on the issue).

¶15 Nor did the superior court abuse its discretion by denying the Sussexes' motion for leave to file a second amended complaint. *See Tumacacori Mission Land Dev. Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013) (court of appeals reviews denial of motion to amend for abuse of discretion). A motion to amend is properly denied if the proposed amendment would be futile. *See MacCollum v. Perkinson,* 185 Ariz. 179, 185 (App. 1996). In the proposed second amended complaint, the Sussexes sought to allege that the City issued municipal bonds and incurred $550,000 in debt to acquire the property. Even if true, these facts do not alter the conclusion that A.R.S. § 12-510 applies to the City,

vitiating the Sussexes' claim based on A.R.S. § 12-526.

**CONCLUSION**

**¶16** For the foregoing reasons, we affirm the judgment of the superior court.



AMY M. WOOD • Clerk of the Court
FILED: AA