SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| SHANNON BACKUS, a married woman, ) | Arizona Supreme Court |
| ) | No. CV-08-0284-PR |
| Plaintiff/Appellant, ) | |
| ) | Court of Appeals |
| v. ) | Division One |
| ) | Nos. 1 CA-CV 07-0640 |
| STATE OF ARIZONA, ) | 1 CA-CV 07-0671 |
| ) | (Consolidated) |
| Defendant/Appellee. ) | |
| _____) | Maricopa County |
| ) | Superior Court |
| ROSEMARY JOHNSON, on behalf of ) | Nos. CV2006-015696 |
| herself as biological mother of ) | CV2007-001453 |
| VICKIE JOHNSON, deceased, and on ) | (Consolidated) |
| behalf of all statutory ) | |
| beneficiaries of VICKIE JOHNSON, ) | |
| deceased, ) | |
| ) | **O P I N I O N** |
| Plaintiff/Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| STATE OF ARIZONA, a political ) | |
| entity; ARIZONA DEPARTMENT OF ) | |
| CORRECTIONS, an agency of the ) | |
| State of Arizona, ) | |
| ) | |
| Defendants/Appellees. ) | |
| ) | |
| _____) | |


Appeals from the Superior Court in Maricopa County
The Honorable Edward O. Burke, Judge
The Honorable Carey Snyder Hyatt, Judge

**REVERSED AND REMANDED**
_____

Opinion of the Court of Appeals, Division One
534 Ariz. Adv. Rep. 26 (App. July 17, 2008)

**VACATED**
_____

CATES HANSON SARGEANT & RAKESTRAW PLC                    Phoenix
      By    Leslie L. Rakestraw
Attorneys for Shannon Backus

ROBBINS & CURTIN PLLC                                    Phoenix
      By    Joel B. Robbins
Attorneys for Rosemary Johnson and Vickie Johnson,
deceased

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                  Phoenix
      By    Daniel    P.    Schaack,   Assistant    Attorney
General
            Richard    P.    Broder,   Assistant    Attorney
General                                                  Tucson
Attorneys  for  Arizona  Department  of  Corrections  and
State of Arizona

HARALSON MILLER PITT FELDMAN & MCANALLY PLC              Tucson
      By    Stanley G. Feldman

And

HEBERT SCHENK PC                                         Phoenix
      By    Richard M. Gerry

And

CHARLES M BREWER LTD                                     Phoenix
      By    David L. Abney
Attorneys  for  Amicus  Curiae  Arizona  Trial  Lawyers
Association

Joined By

SCHARF-NORTON CENTER FOR CONSTITUTIONAL LITIGATION,      Phoenix
GOLDWATER INSTITUTE
      By    Nicholas C. Dranias
Attorneys for Scharf-Norton Center for Constitutional
Litigation, Goldwater Institute

And Joined By

ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST            Phoenix
      By    Timothy M. Hogan
Attorneys  for  Arizona  Center  for  Law  in  the  Public

Interest

JONES SKELTON & HOCHULI PLC                                    Phoenix
    By   Eileen Dennis GilBride
         Lori L. Voepel
Attorneys for Amici Curiae Apache County, Cochise
County, Gila County, Graham County, Greenlee County,
La Paz County, Mohave County, Navajo County, Pinal
County, Santa Cruz County, Yavapai County, Arizona
School Risk Retention Trust Inc, and City of Phoenix

BARBARA LAWALL, PIMA COUNTY ATTORNEY                           Tucson
    By Thomas E. Dugal, Deputy County Attorney
Attorneys for Amicus Curiae Pima County

_____

**M c G R E G O R**, Chief Justice

**¶1**      Before suing a public entity, a claimant must file a notice of claim in compliance with Arizona Revised Statutes (A.R.S.) section 12-821.01.A (2003).   Section 12-821.01.A requires that a notice of claim set forth "a specific amount for which the claim can be settled and the facts supporting that amount."   In this consolidated action, we address the standard that applies to determine whether a claim adequately states the "facts supporting" the amount claimed.

**I.**

**¶2**      On October 18, 2005, Gerald Dunford died while in the custody of the Arizona Department of Corrections (ADOC).   On March 17, 2006, the attorney for Shannon Backus, Dunford's daughter, sent a notice of claim letter to the State asserting that ADOC had been negligent in providing medical care to Dunford.   The letter stated:

3

As he was born on January 15, 1947, Gerald Michael Dunford was only fifty-eight years old at the time of his death. According to the mortality tables, a person between the ages of 58 and 59 has a life expectancy of 23.6 years. For the sole purpose of putting a damage amount on the life of Gerald Dunford, Mrs. Backus is claiming $21,500 per year for the loss of her father. At 23.6 years, this is a total of $507,400.

As a result of this unfortunate incident, Mrs. Backus has authorized me to make a claim upon [ADOC] in the amount of $500,000.

¶3        After Backus and the State failed to settle her claim, Backus filed a civil complaint in October 2006, alleging that the State's negligence in providing medical treatment to Dunford caused his death. The State moved to dismiss Backus's amended complaint for failure to comply with A.R.S. § 12-821.01, arguing Backus had not provided facts supporting the specific amount for which she was willing to settle her claim. The trial court granted the motion.

¶4        Vickie Johnson, a 35-year-old mother of six children, died on March 16, 2006, while serving a 2.5-year prison term. On May 31, 2006, the attorney for Rosemary Johnson, Vickie's mother, filed a notice of claim with the State on behalf of Rosemary and Vickie's six children. The letter made the following damages claim and settlement demand:

Had Ms. Johnson received the proper medical care she needed, her death and needless suffering would have been avoided. Ms. Johnson was scheduled to be released from custody in just a few short months, and leaves behind six (6) children[.]

4

This Notice of Claim is for the wrongful death of Vickie Johnson, caused by the negligence of the Arizona Department of Corrections and its medical providers. I have been given authority by the statutory beneficiaries of Ms. Johnson to resolve this matter in the amount of $2,000,000.00.

¶5 The State did not respond to the claim and, on January 25, 2007, Johnson, on behalf of herself and Vickie's six children, filed a complaint alleging negligence and wrongful death. The State moved to dismiss that action on the basis that the notice of claim failed to comply with § 12-821.01.A because "it fail[ed] to contain facts supporting the specific amount for which the claim [could] be settled with the State." The trial court granted the State's motion to dismiss and entered judgment against Johnson. Johnson appealed and the court of appeals consolidated her appeal with that of Backus.

¶6 The court of appeals concluded that a claimant satisfies § 12-821.01.A if the claimant provides "*any* facts to support the proposed settlement amounts, regardless of how meager." *Backus v. State*, 534 Ariz. Adv. Rep. 26, 29 ¶ 28 (App. July 17, 2008). Accordingly, the court held that the facts contained in the Backus and Johnson letters satisfied § 12-821.01.A. *Id.* at 29-30 ¶¶ 30-31.

¶7 The State petitioned for review, arguing that the court of appeals' holding misconstrued the supporting-facts requirement of the claims statute. We granted review to

5

consider this recurring issue of statewide importance. We exercise jurisdiction under Article 6, Section 5, Clause 3 of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

¶8 These consolidated cases require us to construe the language of § 12-821.01.A. When analyzing statutes, our primary "goal is 'to fulfill the intent of the legislature that wrote [the statute].'" *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996) (quoting *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993)).

¶9 The general intent of the statutes governing claims against public entities is clear. When the legislature adopted these statutes in 1984, it explicitly declared the purpose of the legislation:

> [I]t is hereby declared to be the public policy of this state that public entities are liable for acts and omissions of employees in accordance with the statutes and common law of this state. All of the provisions of this act should be construed with a view to carry out the above legislative purpose.

1984 Ariz. Sess. Laws, ch. 285, § 1 (2d Reg. Sess.) (codified at A.R.S. §§ 12-820 to -823). The act thus codified the holding of *Stone v. Arizona Highway Commission*, that "the rule is [governmental] liability and immunity is the exception." 93 Ariz. 384, 392, 381 P.2d 107, 112 (1963), *overruled in part by Grimm v. Ariz. Bd. of Pardons & Paroles*, 115 Ariz. 260, 564 P.2d

6

1227 (1977). The claims statutes thus advance the overarching policy of holding a public entity responsible for its conduct.

¶10      We also construe statutes to give effect to an entire statutory scheme. *Grant v. Bd. of Regents*, 133 Ariz. 527, 529, 652 P.2d 1374, 1376 (1982). The notice of claim statute, § 12-821.01, operates within the general framework of the act defining the scope of claims against public entities. The statute permits an action against a public entity to proceed only if a claimant files a notice of claim that includes (1) facts sufficient to permit the public entity to understand the basis upon which liability is claimed, (2) a specific amount for which the claim can be settled, and (3) the facts supporting the amount claimed. A.R.S. § 12-821.01.A.[1] These statutory requirements serve several important functions: "They 'allow

_____

[1]    The statute provides:

Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01.A.

7

the public entity to investigate and assess liability, . . .
permit the possibility of settlement prior to litigation, and .
. . assist the public entity in financial planning and
budgeting.'" *Deer Valley Unified Sch. Dist. No. 97 v. Houser*,
214 Ariz. 293, 295 ¶ 6, 152 P.3d 490, 492 (2007) (quoting *Falcon
ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527 ¶ 9, 144
P.3d 1254, 1256 (2006)).  Our interpretation of the statute at
issue, then, must be consistent with both the general intent of
the claims statutes and the intent of the specific statute
involved.

¶11      "When analyzing statutes, we apply 'fundamental
principles of statutory construction, the cornerstone of which
is the rule that the best and most reliable index of a statute's
meaning is its language and, when the language is clear and
unequivocal, it is determinative of the statute's
construction.'"  *Id.* at 296 ¶ 8, 152 P.3d at 493 (quoting *Janson
ex rel. Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d
1222, 1223 (1991)).  When statutory language admits of only one
interpretation, we go no further.

¶12      In *Deer Valley*, we considered whether a notice of
claim that contained qualifying language as to the amount of the
claim satisfied § 12-821.01.A's "specific amount" requirement.
*Id.* at 295-96 ¶ 7, 152 P.3d at 492-93.  We held that the "clear
and unequivocal" text of § 12-821.01.A "requires that claimants

8

identify the specific amount for which they will settle and provide facts supporting that amount." *Id.* at 296 ¶ 9, 152 P.3d at 493. In that case, however, the "repeated use of qualifying language [made] it impossible to ascertain the precise amount for which the [public entity] could have settled [the plaintiff's] claim." *Id.* at 296 ¶ 10, 152 P.3d at 493. We held that a claim without a specific settlement amount does not satisfy the statute, *id.* at 297 ¶ 11, 152 P.3d at 494, but did not explicitly address the supporting-facts requirement.

¶13 In the present cases, the parties disagree as to the meaning of the supporting-facts requirement. The State argues that a claimant satisfies that requirement only if the claimant discloses facts that, viewed objectively, are sufficient to allow the public entity to understand how the claimant reached the specific amount demanded and to reasonably evaluate the claim.

¶14 Backus and Johnson, in contrast, argue that a notice of claim that includes *any* facts that support a demanded amount meets the supporting-facts requirement. They argue that particularly when, as here, an action is for wrongful death, the facts must be viewed subjectively because wrongful death damages are among the most subjective in the realm of personal injury. *See Caldarera v. E. Airlines*, 705 F.2d 778, 784 (5th Cir. 1983) (noting that a lawsuit for wrongful death is inherently

9

subjective because its purpose is to assign a monetary value to something priceless: human life).

¶15     Several panels of the court of appeals have considered the standard to apply to test compliance with the supporting-facts requirement and, although the panels adopted similar reasoning, the standards developed vary somewhat. In *Vasquez v. State*, for instance, Division Two held that including "*any* facts to support the proposed settlement amounts, regardless of how meager" meets the statutory requirement. 2 CA-CV 07-0148, slip op. at ¶ 15 (Ariz. App. Sept. 29, 2008) (quoting *Backus*, 534 Ariz. Adv. Rep. at 29 ¶ 28). In *Yollin v. City of Glendale*, a panel from Division One held that the language and purpose of the statute "support the inference that the supporting facts requirement demands a recitation of how past events harmed the claimant and led to his offer." 219 Ariz. 24, __ ¶ 27, 191 P.3d 1040, 1048 (App. 2008). According to the court in *Yollin*, the recitation need not include "trial level proof of damages," nor must it include disclosure of every possible fact supporting the offer or how to calculate the pain and suffering. *Id.* at ¶ 27, 191 P.3d at 1048-49. Finally, in *Jones v. Cochise County*, another Division Two panel applied no specific test to determine whether the claimant met the supporting-facts requirement, but instead, after engaging in a factual inquiry, held that the notice contained sufficient detail. 218 Ariz. 372, 378 ¶ 20,

10

187 P.3d 97, 103 (App. 2008).

¶16     We conclude, as did the court of appeals, that the statutory language imposing the supporting-facts requirement is not clear and unequivocal.  Because the statute is susceptible to more than one reasonable interpretation, as reflected by the various interpretations urged by the State and by these claimants, as well as the interpretations adopted by various panels of the court of appeals, we must consider other factors to reach the interpretation that best furthers the intent of the legislature.

### III.

¶17     Although *Deer Valley* did not directly address the supporting-facts requirement, it does provide some direction. There, we explained that the supporting-facts provision "requires that claimants explain the amounts identified in the claim by providing the government entity with a factual foundation to permit the entity to evaluate the amount claimed." *Deer Valley*, 214 Ariz. at 296 ¶ 9, 152 P.3d at 493.  In other words, a claimant must explain not only the facts forming the basis of alleged liability, but also the specific amount requested and the facts supporting that amount.  Armed with that information, the public entity can decide whether and how to investigate the claim, at what level of damages to attempt to resolve the claim, and how to take the claim into account in

planning and budgeting activities.

**¶18**    That explanation, however, does not resolve the effect of a disagreement between a claimant and a public entity, as occurred here, as to whether the factual foundation the claimant provides meets the supporting-facts requirement.  The State argues that the risk of not providing sufficient information should fall on the claimant.  As a result, if a claimant files a civil action and the public entity asserts that the factual foundation was insufficient to support the amount claimed, the trial judge should determine whether the claimant met an "objective" standard.  If the claimant did not meet the standard, the judge should dismiss the civil action as time-barred.  *See id.* at 299 ¶ 23, 152 P.3d at 496 (dismissing suit after determining claim did not comply with the statutory requirements and was subsequently time-barred).  In response, Backus and Johnson argue that submitting to a judge any disagreement as to the sufficiency of the facts will encourage satellite litigation and deprive claimants of valid claims against the government.

**¶19**    We agree that allowing a public entity to challenge the adequacy of a notice of claim in the trial court if the public entity regards the supporting facts submitted as insufficient can produce two negative results, neither of which furthers legislative intent.

12

¶20    The combination of the relatively short time within which a claimant must file a notice of claim and bring a civil action,[2] coupled with a claimant's lack of knowledge about what facts a public entity will regard as sufficient in a particular case, results in the distinct possibility that a claimant will lose the right to bring an action against a public entity, even when his claim is justified.  By the time a trial judge could decide whether a particular claim satisfied the supporting-facts requirement, the time to file a claim letter will have expired.  Under the circumstances, the trial judge would have no option but to dismiss the civil action if the judge found the factual statement insufficient.  *See id.*  Because the legislature intended that liability of public entities be the rule and immunity the exception, it could not have intended to erect this significant and unpredictable obstacle to claimants' actions against public entities.

¶21    The second negative impact of the State's approach is that, even in those cases in which a trial judge finds the notice of claim met the supporting-facts requirement, all parties may have been exposed to considerable expense and delay

---

[2]    A claimant has one year after a cause of action accrues to file a lawsuit against a public entity, A.R.S. § 12-821, but only one hundred eighty days after the cause of action accrues to file a notice of claim with the public entity.  A.R.S. § 12-821.01.A.

in resolving the satellite litigation. These cases, and others like them,[3] aptly demonstrate just how common and lengthy such satellite litigation is likely to be. Encouraging additional litigation frustrates one of the goals of § 12-821.01, which is to encourage public entities and claimants to resolve claims without resorting to litigation.

**¶22** The State's approach also is not consistent with the statutory language. As the court of appeals noted in *Havasupai Tribe v. Arizona Board of Regents*, although the statutory language requires a claimant to describe facts "sufficient to permit" the public entity to evaluate liability, it does not require a claimant to set out facts "sufficient" to support the amount claimed. 544 Ariz. Adv. Rep. 10, 15 ¶ 40 (App. Nov. 28, 2008). If the legislature had intended to require that a notice contain facts "sufficient" to support the amount claimed, it would have said so.

**¶23** The approach that best furthers legislative intent is to allow a claimant to decide what facts support the amount claimed and to disclose those facts as part of the notice of claim. As the State points out, only the claimant knows which facts he regards as supporting the amount claimed. Accordingly, the statutory requirement that the claim include the facts

---

[3]    *See, e.g.*, decisions cited in ¶ 15, *supra.*

supporting the amount claimed must refer to the view of the claimant, rather than to that of the public entity. We hold, therefore, that a claimant complies with the supporting-facts requirement of § 12-821.01.A by providing the factual foundation that the claimant regards as adequate to permit the public entity to evaluate the specific amount claimed. This standard does not require a claimant to provide an exhaustive list of facts; as long as a claimant provides facts to support the amount claimed, he has complied with the supporting-facts requirement of the statute, and courts should not scrutinize the claimant's description of facts to determine the "sufficiency" of the factual disclosure.

¶24 This standard avoids both of the negative results described above. The public entity and claimant avoid unnecessary and potentially expensive satellite litigation. In addition, because the facts must be those that the claimant views as supporting the amount claimed, the claimant does not face the risk of having a valid claim dismissed for failure to meet a public entity's view of which facts the claimant should have disclosed.

¶25 The statutory interpretation we adopt may raise concerns that a claimant, deliberately or carelessly, will fail to provide facts in his possession that would assist the public entity in evaluating the claim. Several factors should

15

substantially reduce the likelihood that this problem will occur.

¶26 First, as the State pointed out in its brief, such a course of action would be unexpected. Unrepresented claimants, the State predicted, would supply facts "in abundance because they would want to settle [their claim]." And, as the State also noted, claimants' lawyers "know they must provide their adversaries the information necessary to properly evaluate their claims if they wish to induce settlement." We agree; a claimant has no valid reason to withhold facts. We believe that the benefits of disclosing the facts that support a claim will be apparent to claimants.

¶27 Second, the professional obligations of claimants' lawyers will deter them from submitting incomplete or inaccurate information in claim letters. Any deliberate attempt to misrepresent facts supporting a claimed amount could violate a lawyer's obligation of truthfulness under the Arizona Rules of Professional Conduct. Ariz. R. Sup. Ct. 42, ER 4.1. A lawyer's obligation to represent a claimant competently, *see id.* ER 1.1, will encourage the inclusion of sufficient information in claim letters to allow the public entity to evaluate and possibly settle the claim. We also expect claimants' lawyers to act honorably. *Id.* Preamble at [1]. A decision by a claimant or an attorney to misrepresent the facts supporting the amount claimed

16

may result in the information submitted to the public entity being admissible at trial to impeach the testimony of the claimant. As we stated in *Hernandez v. State*,

> [e]xcluding evidence offered solely to impeach a party's credibility does not encourage complete candor. To the contrary, that approach fails to hold parties accountable for setting forth one version of the facts to obtain a settlement and describing another version at trial. *Claimants should present their claims truthfully. Lawyers should not lie on behalf of clients in presenting a claim.*

203 Ariz. 196, 199-200 ¶ 14, 52 P.3d 765, 768-69 (2002) (emphasis added).

¶28    Finally, as the court of appeals pointed out in *Vasquez*, a public entity can request more facts if needed to evaluate a claim. 2 CA-CV 07-0148, slip op. at ¶ 18. While such action is not required from a public entity, certainly nothing prevents it from taking steps to obtain additional information.

### IV.

¶29    Both Backus and Johnson provided those facts they regarded as supporting the specific amounts they claimed. Accordingly, both notice of claim letters comply with A.R.S. § 12-821.01.A.

### V.

¶30    For the foregoing reasons, we vacate the opinion of the court of appeals. We vacate the judgments of the superior

17

courts in these two cases and remand for proceedings consistent with this opinion.

_____
Ruth V. McGregor, Chief Justice

CONCURRING:

_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice

18