386 P.3d 1273

**Joseph VILLASENOR, an individual,
Plaintiff/Appellant,**

v.

**Coral J. EVANS, an unmarried woman,
Defendant/Appellee.**

No. 1 CA–CV 15–0433

Court of Appeals of Arizona,
Division 1.

FILED 12/20/2016

Timothy A. La Sota, PLC, Phoenix, By Timothy A. La Sota, Counsel for Plaintiff/Appellant

John Trebon, PC, Flagstaff, By John Trebon, Co–Counsel for Defendant/Appellee

Jones, Skelton & Hochuli, PLC, Phoenix, By Eileen Dennis GilBride, Co–Counsel for Defendant/Appellee

Judge Peter B. Swann delivered the opinion of the court, in which Presiding Judge Andrew W. Gould and Judge Patricia A. Orozco joined.

## OPINION

SWANN, Judge:

¶1 In this defamation case, the superior court entered summary judgment in favor of the defendant based on the plaintiff's failure to comply with the notice of claim statute, Arizona Revised Statutes (A.R.S.) section 12–821.01. We hold that because § 12–821.01 applies to all actions brought against public employees related to acts within the scope of their employment, and the undisputed evidence established that this is such an action, the plaintiff's failure to comply with § 12–821.01 warranted summary judgment. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2013 and 2014, Joseph Villasenor worked as a consultant and lobbyist for a developer that faced public opposition related to its efforts to obtain a zoning change from the Flagstaff City Council and build a multi-family residential student housing project. Coral J. Evans, an elected member of the Council and the Vice Mayor, had conversations with Villasenor about the project and held a meeting that she, Villasenor, and a community organizer attended. A local newspaper later published an article about the meeting. In response to the article, Evans sent an e-mail to the newspaper asking it to publish a follow-up story to correct what she perceived as misinformed reporting. She included a forwarded copy of an e-mail she had received from the community organizer, and she described that e-mail as "a very fair accounting of what happened in [the] meeting."

¶3 Villasenor brought a defamation action against Evans related to statements in her e-mail and the e-mail she forwarded. Evans moved for summary judgment based on Villasenor's failure first to serve a notice of claim under A.R.S. § 12–821.01.

¶4 Villasenor does not dispute that he failed to serve a notice of claim under § 12–821.01. He also does not dispute that Evans was a Councilmember and the Vice Mayor, that his employer's project had engendered public controversy, that the proposed zoning change was set for a Council vote, or that Evans had communicated with him about the project and arranged the meeting. He argues, however, that he was not required to comply with § 12–821.01 because Evans either was not a public employee or had acted outside the scope of her public employment.

¶5 In support of his first contention, Villasenor argued that under A.R.S. § 12–820 and various sections of the Flagstaff City Code, Evans was a City "officer" rather than a City "employee." In support of his second contention, Villasenor argued that Evans had presented insufficient evidence to show that she had acted within the scope of her public employment.[1] He asserted that Evans held concurrent employment as the executive director of a neighborhood association, had made statements to him regarding the pro-

---

1. Villasenor also argued in passing that the "factual issues in question include information which Mr. Villasenor should be entitled to have time to investigate pursuant to Rule 56(f)." But he never filed a motion and affidavit under Rule 56(f).

ject's potential impact on her family members and friends, and had participated in conversations about the project in both a professional and a personal capacity. Villasenor stressed that Evans had sent the e-mail from a personal device and e-mail account, and had not copied her fellow Councilmembers or other political figures. He finally asserted that the City was not paying for Evans's defense.

¶ 6 Evans replied and presented evidence that the City was paying for her defense and that no City policy prohibited her from using a personal electronic device or e-mail account to conduct City business.

¶ 7 The court concluded that Evans was a public employee under § 12–820 and that there existed no genuine issue of fact regarding whether she acted within the scope, course, or furtherance of her public employment. The court held:

> The record is devoid of any facts which would support the bald assertion that [Evans] was acting in her individual capacity, [or on] behalf of a community organization, when she met with [Villasenor] and his client, or when she later forwarded the email. On the other hand, the record is replete with facts which support the conclusion that [Evans] was acting in furtherance of the public interest, and within the course and scope of her employment as the Vice–Mayor. . . .

The court held that Evans's organization of the meeting was "exactly the type of action a Vice–Mayor would normally engage in" for the purposes of "inform[ing] the public about an issue of public importance" and "facilitat[ing] the exchange of ideas and information between the public and the developer." The court further held that Evans's post-meeting e-mail, which she signed as "Vice Mayor," served the purpose of "insur[ing] that the public received accurate information about the project." The court characterized Evans's position as executive director of a neighborhood association as "nothing more

than a red-herring" in view of the absence of any evidence of a connection between that association and the proposed project, and the court ascribed no significance to her use of a personal electronic device and e-mail account. The court finally noted that "even if [Evans] had served her own personal interests in forwarding the email, the outcome would not change" under *Dube v. Desai*, 218 Ariz. 362, 186 P.3d 587 (App. 2008).

¶ 8 Villasenor timely appeals.

## DISCUSSION

¶ 9 We review the grant of summary judgment de novo, taking the evidence and all reasonable inferences in the light most favorable to the nonmovant. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12, 69 P.3d 7 (2003). We review the application and interpretation of statutes de novo. *Sedona Grand, LLC v. City of Sedona*, 229 Ariz. 37, 39, ¶ 8, 270 P.3d 864 (App. 2012).

## I. EVANS IS A PUBLIC EMPLOYEE.

■ ¶ 10 Villasenor first contends that he was not required to comply with § 12–821.01 because Evans, as an elected official, is not a "public employee" under the definitions prescribed by § 12–820.[2]

¶ 11 Section 12–821.01(A) provides that

> [p]ersons who have claims against a . . . public employee shall file claims with the person or persons authorized to accept service for the . . . public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. . . . Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

¶ 12 Under § 12–820(1), the term "employee" includes "an officer, director, employee or servant . . . who is authorized to perform any act or service." Under § 12–820(6), the term "public employee" means "an employee

---

**2.** Evans contends that Villasenor waived the § 12–820 argument by not asserting it in the superior court. But Villasenor's response to the summary-judgment motion did cite § 12–820 (albeit without elaboration) and he plainly asserted

that Evans is not a public employee. Further, Evans expressly recognized Villasenor's position and she parsed § 12–820 in her reply. We find no waiver.

of a public entity." Villasenor contends that because "employee" and "public employee" are separately defined, and because the absolute-immunity rule set forth in § 12–820.01 refers to "a public entity['s] … employees" whereas the qualified-immunity rule of § 12–820.02 refers to "public employees," the legislature intended "public employee" to have a narrower meaning than "employee." We disagree.

¶ 13 We have consistently read the definition of "public employee" to refer to the definition of "employee." *See McCloud v. State*, 217 Ariz. 82, 90, ¶ 23, 170 P.3d 691 (App. 2007); *Dube*, 218 Ariz. at 365, ¶ 11, 186 P.3d 587. Under § 12–820(6), a "public employee" is defined as an "employee" of a public entity. "Public employees" are therefore a subset of the "employees" identified in § 12–820(1). Because "employee[s]" include "officer[s]," the statute unambiguously treats Evans as a "public employee."

¶ 14 We see no reason to interpret § 12–820's use of multiple subsections as excluding claims against public officers from § 12–821.01's reach. This interpretation is consistent with the purpose of § 12–821.01. *See Backus v. State*, 220 Ariz. 101, 104, ¶ 10, 203 P.3d 499 (2009) ("Our interpretation of the statute at issue … must be consistent with both the general intent of the claims statutes and the intent of the specific statute involved."); *Goddard v. Superior Court (Romley)*, 191 Ariz. 402, 404, ¶ 8, 956 P.2d 529 (App. 1998) ("Although the statutory language, read in isolation, is susceptible to that construction, we decline to interpret the statute in a manner so contrary to common sense. Instead, we interpret the statute by reference to its stated purpose and by reference to the system of related statutes of which it forms a part."). Section 12–821.01 is designed to facilitate the ability of public entities to investigate and assess liability, undertake financial planning and budgeting, and settle claims. *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 527, ¶ 9, 144 P.3d 1254 (2006). An appellate interpretation limiting § 12–821.01's protections to claims asserted against public entities' "common-law" employees would not only ignore the plain text of the statute, it would severely

and arbitrarily restrict the statute's efficacy. The superior court correctly concluded that Evans is a "public employee."

## II. VILLASENOR FAILED TO CREATE A GENUINE DISPUTE OF MATERIAL FACT REGARDING WHETHER EVANS ACTED WITHIN THE SCOPE OF HER PUBLIC EMPLOYMENT.

¶ 15 Villasenor next contends that the court erred by entering summary judgment under § 12–821.01 because genuine issues of fact exist concerning whether Evans acted within the scope of her public employment. Consistent with its purposes, § 12–821.01 applies only to claims against public employees that arise from conduct within the scope of their public employment. *McCloud*, 217 Ariz. at 90–91, ¶¶ 22–27, 170 P.3d 691. "An employee's '[c]onduct falls within the scope [of employment] if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it.'" *Id.* at 91, ¶ 29, 170 P.3d 691. "An employee's improper actions, even those serving personal desires, will be deemed motivated to serve the employer if those actions are incidental to the employee's legitimate work activity." *Dube*, 218 Ariz. at 365, ¶ 11, 186 P.3d 587.

¶ 16 The superior court correctly concluded that Evans met her burden to demonstrate that she acted within the scope of her public employment. And it correctly observed that Villasenor failed to produce evidence to create a genuine issue of fact on that question. The undisputed evidence established that Evans, a City Councilmember and Vice Mayor, organized a meeting relevant to a controversial public issue pending before the Council and that she thereafter took steps to correct what she perceived as public misinformation regarding the meeting. Evans sufficiently demonstrated that she was acting in the scope of her employment, and Villasenor failed to contest her evidence.

¶ 17 "When a motion for summary judgment is made and supported as provided in [ ] Rule [56], an opposing party may not rely merely on allegations or denials of its own

pleading; rather, its response must, by affidavits or as otherwise provided in th[e] Rule, set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e)(4). Villasenor did present evidence that Evans's interest in the public issue was, as he stated in his response, "*both* professional, in her role as Vice Mayor of Flagstaff City Council, *as well as* personal." (Emphases added.) But under *Dube*, that disputed fact issue was legally insufficient to defeat summary judgment: even if Evans was motivated by personal interests, the undisputed evidence showed that her conduct was, at the very least, incidental to her work as a Councilmember and Vice Mayor.

¶18 Based on the undisputed material facts, Villasenor was required as a matter of law to comply with § 12–821.01. Because he failed to do so, the superior court correctly entered summary judgment for Evans and dismissed the action.

## CONCLUSION

¶19 We affirm for the reasons set forth above.