IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**KIZZEN JAMES, ET AL.,**
*Plaintiffs/Appellants,*

*v.*

**CITY OF PEORIA, ET AL.,**
*Defendants/Appellees,*

No. CV-21-0125-PR
**Filed July 18, 2022**

Appeal from the Superior Court in Maricopa County
The Honorable Theodore Campagnolo, Judge
No. CV2019-054635
**REVERSED**

Memorandum Decision of the Court of Appeals, Division One
No. 1 CA-CV 20-0415
Filed April 13, 2021
**VACATED**

COUNSEL:

David L. Abney (argued), Ahwatukee Legal Office, P.C., Phoenix; and Abdoukadir 'Abdul' Jaiteh, Elizabeth M. Gonzalez, AJ Law, PLC, Phoenix, Attorneys for Kizzen James and Dennis McGinnis

Vanessa P. Hickman, Peoria City Attorney, Amanda C. Sheridan, Senior Assistant City Attorney (argued), Saman J. Golestan, City of Peoria, Office of the City Attorney, Peoria, Attorneys for City of Peoria

Nancy L. Davidson, General Counsel, League of Arizona Cities and Towns, Phoenix, Attorney for Amicus Curiae League of Arizona Cities and Towns

JUSTICE KING authored the opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, and JUSTICES BOLICK, LOPEZ, BEENE, and MONTGOMERY joined.

———————

JUSTICE KING, opinion of the Court:

**¶1**      Arizona's notice of claim statute clearly and unequivocally provides that a notice of claim is invalid if it fails to comply with any requirement in A.R.S. § 12-821.01(A), in which case the claim is "barred and no action may be maintained thereon."    But § 12-821.01(A) does not require that a claimant keep a settlement offer open for any specific length of time.   Section 12-821.01(E) provides that a notice of claim "is deemed denied sixty days after the filing of the claim," unless the public entity denies it earlier.

**¶2**      This case asks us to determine whether a notice of claim is invalid, under § 12-821.01, if it provides that the claimant's settlement offer will terminate less than sixty days after the notice is served.   We conclude that a notice of claim otherwise in compliance with § 12-821.01(A) is not invalid because it purports to set a deadline for settlement prior to the sixty-day period in § 12-821.01(E).   Therefore, Kizzen James' statement in her notice of claim to the City of Peoria (the "City") that her settlement offer was "valid for thirty (30) days" did not invalidate her notice of claim.

## I.      BACKGROUND

**¶3**      On October 10, 2018, a vehicle struck and killed twelve-year-old I.M. near 77th Avenue and Peoria Avenue as he walked home from school.

**¶4**      On March 26, 2019, James, I.M.'s mother, timely delivered a notice of claim to the City Clerk's Office via a licensed process server.   *See* § 12-821.01(A).   Her notice of claim included a "City of Peoria, Arizona Notice of Claim" form, wherein James (1) disclosed information about herself and her claim, (2) referred to the "attached Notice of Claim Letter and exhibits," and (3) stated the "[s]pecific amount for which [her] claim can be settled [was] $10,071,016.72."

**¶5** James' notice of claim also included a ten-page letter from her legal counsel with the heading "Notice of Claim (Pursuant to A.R.S. § 12-821.01)." This letter (1) set forth the basis upon which she claimed the City was liable for I.M.'s death, (2) discussed the nature of her claim, and (3) proposed a settlement offer to the City of $10,071,016.72. The letter then stated, "[t]his compromise to settle is valid for thirty (30) days from the date of this letter." The City never responded to James' notice of claim.

**¶6** On October 10, 2019, more than six months after serving the notice of claim, James filed a wrongful death lawsuit against the City and others. The City moved to dismiss the complaint pursuant to Arizona Rule of Civil Procedure 12(b)(6). In its ruling, the trial court explained that a notice of claim "is not deemed denied until sixty days after filing unless the public entity denies" it earlier, pursuant to § 12-821.01. Relying on *Drew v. Prescott Unified School District*, 233 Ariz. 522, 526 ¶ 14 (App. 2013), the trial court concluded James' claim was barred by § 12-821.01 for not keeping the settlement offer open for at least sixty days. *See* § 12-821.01(E). Treating the motion to dismiss as a motion for summary judgment, the trial court granted summary judgment in favor of the City and dismissed James' complaint with prejudice because the statutory 180-day time period to file a valid notice of claim had passed.

**¶7** The court of appeals affirmed. *See James v. City of Peoria*, No. 1 CA-CV 20-0415, 2021 WL 1400064, at *1 ¶ 1 (Ariz. App. Apr. 13, 2021) (mem. decision). The court reasoned that James "failed to comply with the language and purpose of the notice of claim statute" by providing a thirty-day settlement offer window. *Id.* at *4 ¶ 20 (quoting *Drew*, 233 Ariz. at 526 ¶ 14). Further, "although James was at liberty to issue a general settlement offer that included a shorter window for acceptance," doing so meant that this "contract offer" was "ineligible to concurrently serve as her notice of claim under the statute." *Id.* at *3–4 ¶¶ 18–20.

**¶8** We granted review to determine whether a notice of claim is invalid, under § 12-821.01, if it provides that a settlement offer will terminate in less than sixty days after the notice is served, which is a recurring issue of statewide importance. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

3

## II.    DISCUSSION

**¶9**           "We review questions of statutory construction and grants of summary judgment de novo.   Our task in statutory construction is to effectuate the text if it is clear and unambiguous."   *BSI Holdings, LLC v. Ariz. Dep't of Transp.*, 244 Ariz. 17, 19 ¶ 9 (2018) (internal citation omitted). "If the statute is subject to only one reasonable interpretation, we apply it without further analysis."   *Stambaugh v. Killian*, 242 Ariz. 508, 509 ¶ 7 (2017) (quoting *Wade v. Ariz. State Ret. Sys.*, 241 Ariz. 559, 561 ¶ 10 (2017)).

### A.   Requirements for a Valid Notice of Claim Under § 12-821.01(A)

**¶10**           Section 12-821.01(A) sets forth the statutory prerequisites for a valid notice of claim:

> Persons who have claims against a public entity . . . shall file claims with the person or persons authorized to accept service for the public entity . . . as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues.   The claim shall contain facts sufficient to permit the public entity . . . to understand the basis on which liability is claimed.   The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount.   Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

§ 12-821.01(A).   If a notice of claim fails to comply with any requirement in § 12-821.01(A), the claimant's claims are statutorily "barred and no action may be maintained thereon."   *Id.*

**¶11**           Here, the City does not dispute that James timely filed and served a notice of claim.   In addition, the City does not dispute that James' notice of claim complied with the specific requirements in § 12-821.01(A). The City's sole argument is that James' notice of claim is invalid because the attached letter stated "[t]his compromise to settle is valid for thirty (30) days from the date of this letter," and did not allow the City sixty days to consider and respond to the offer as required by § 12-821.01(E).

**¶12**           As a starting point, *none* of the statutory prerequisites for a valid notice of claim in § 12-821.01(A) include a requirement to keep a

settlement offer open for any particular length of time. In fact, the *only* time period in § 12-821.01(A) is the requirement that a claimant file a notice of claim "within one hundred eighty days after the cause of action accrues." Section 12-821.01(A) sets forth no other temporal requirement for a valid notice of claim. Thus, the City's argument rests on whether § 12-821.01(E) imposes an additional requirement to constitute a valid notice of claim.

## B. The Meaning and Application of § 12-821.01(E)

¶13        The City concedes that the notice of claim statute does not directly state that a settlement offer must be held open for sixty days. In arguing, however, that James' thirty-day settlement offer invalidated her notice of claim, the City points to § 12-821.01(E): "A claim against a public entity . . . filed pursuant to this section is deemed denied sixty days after the filing of the claim unless the claimant is advised of the denial in writing before the expiration of sixty days." The City contends this language, in conjunction with the requirement in § 12-821.01(A) that a notice of claim "contain a specific amount for which the claim can be settled," invalidated James' notice of claim because the offer was valid for only thirty days. We must therefore determine the meaning of § 12-821.01(E).

¶14        The clear and unequivocal language of § 12-821.01(E) creates a deadline *for the public entity*. Once a claimant timely files and serves a notice of claim that meets the requirements in § 12-821.01(A), a valid claim exists. Section 12-821.01(E) then shifts the obligation *from* the claimant *to* the public entity to respond to the notice of claim. The plain meaning and significance of § 12-821.01(E) is that the public entity has sixty days in which to consider the basis for the claim and the amount for which it can be settled, and the public entity may accept within sixty days if it wishes to resolve the claim for that amount. *See* § 12-821.01(A), (E). If the public entity does not respond within sixty days, the claim will be "deemed denied."[1] § 12-821.01(A).

---

[1]   While the public entity statutorily has up to sixty days to consider whether to resolve the claim, it expressly has the ability to shorten that window of time if it advises the claimant "of the denial in writing before the expiration of sixty days." § 12-821.01(E).

**¶15** This Court confirmed this plain meaning of the sixty-day period in *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525 (2006). There, the plaintiffs served their notice of claim on just one member of the Maricopa County Board of Supervisors. *Id.* at 526 ¶ 4. In concluding that service on one member was insufficient to satisfy the service requirement in § 12-821.01(A), this Court explained, "[m]any of the part-time members of political subdivisions . . . may not . . . realize that *such a claim must be acted upon within sixty days*," citing § 12-821.01(E). *Id.* at 529 ¶ 26 (emphasis added).

**¶16** Significantly, there is nothing in § 12-821.01(A) or (E) that burdens the *claimant* with a requirement to keep a settlement offer open for sixty days. In fact, § 12-821.01(E) does not set forth *any* requirements on the part of a claimant.

**¶17** Further, we note that the plain language of § 12-821.01(E) does not address what constitutes a valid notice of claim or what would "bar" a claim, as § 12-821.01(A) clearly does. Section 12-821.01(E) simply provides that if a public entity does not respond to a notice of claim within sixty days, the claim is automatically "deemed denied."

**¶18** Accordingly, we conclude subsections (A) and (E) work together in the following manner: § 12-821.01(A) delineates the requirements a claimant must follow to timely file and serve a valid notice of claim. Once the claimant satisfies those requirements, the public entity has sixty days to consider and respond to the notice of claim pursuant to § 12-821.01(E). If the public entity does not respond within sixty days, the claim is "deemed denied." § 12-821.01(E).

### C. The Effect of an Offer that Terminates in Less than Sixty Days

**¶19** The court of appeals analyzed the issue here as one of contract. The court described James' letter as "a contract offer" for which the City "could have accepted the[] terms within that thirty-day window," *James*, 2021 WL 1400064, at *3 ¶ 18, but the consequence was that "this same offer [was] ineligible to concurrently serve as her notice of claim under the statute," *id.* at *4 ¶ 20. But the issue presented here is expressly governed by § 12-821.01. Indeed, the City even conceded at oral argument that this is a matter of statutory interpretation, not contract law. Because the

statute governs this claims process, we evaluate the issue presented here as one of statutory interpretation.

**¶20** Any attempt by a claimant to shorten the public entity's statutory sixty-day response period is a legal nullity. *See Nullity*, Black's Law Dictionary (11th ed. 2019) ("Something that is legally void."); *see also Void*, Black's Law Dictionary (11th ed. 2019) ("To render of no validity or effect."); *Jackson v. Sears, Roebuck & Co.*, 83 Ariz. 20, 23 (1957) (holding that by "statute, execution may not issue prior to . . . entry" of the judgment, and "[s]ince the execution was issued five days prior to the entry of judgment, it was issued without authority of law and was a legal nullity"); *Pima County v. Sch. Dist. No. One of Pima Cnty.*, 78 Ariz. 250, 253 (1954) (holding "the County was without authority to enter into the cooperative contract with" the school district and thus the "contract is null and void"); *McCarthy v. State ex rel. Harless*, 55 Ariz. 328, 337 (1940) (explaining that because "[t]he board of supervisors . . . was the only body authorized by law to accept [appellant's] resignation," his "resignation submitted to the county welfare board and its purported acceptance thereof was a nullity"). Because James did not have the statutory or other legal authority to impose a shorter time for the City to respond, her attempt in the notice of claim to shorten the sixty-day deadline to thirty days had no effect. Accordingly, James' thirty-day deadline did not invalidate her otherwise valid notice of claim.

**¶21** The City argues that our interpretation of § 12-821.01 must "be consistent with both the general intent of the claims statutes and the intent of the specific statute involved." Because § 12-821.01 is clear, there is no need to consider secondary interpretation principles, such as the purpose of the statute. *See State v. Burbey*, 243 Ariz. 145, 147 ¶ 7 (2017). But even if the language was unclear, our interpretation of § 12-821.01 is consistent with legislative intent. In 1984, the legislature specified the purpose of statutes governing claims against public entities when it adopted those statutes:

> [I]t is hereby declared to be the public policy of this state that public entities are liable for acts and omissions of employees in accordance with the statutes and common law of this state. All of the provisions of this act should be construed with a view to carry out the above legislative purpose.

*Backus v. State*, 220 Ariz. 101, 104 ¶ 9 (2009) (quoting 1984 Ariz. Sess. Laws ch. 285, § 1 (2nd Reg. Sess.) (codified as amended and renumbered at A.R.S. §§ 12-820 to -823)). The statutes governing claims against public entities "advance the overarching policy of holding a public entity responsible for its conduct." *Id.* This Court has noted that the specific statutory requirements in § 12-821.01 serve to "allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295 ¶ 6 (2007) (alteration in original) (quoting *Sandoval*, 213 Ariz. at 527 ¶ 9). Our decision here is consistent with this legislative intent. We will not construe the notice of claim statute, under which the claimant satisfies the relevant requirements but adds a condition of no legal consequence, in a way that defeats the clear text of the statute.

¶22 In *Drew*, the court of appeals reached a different conclusion, holding the claimant failed to comply with § 12-821.01 because the claimant's settlement offer was open for only fifteen days. 233 Ariz. at 523 ¶ 1. The court explained that § 12-821.01(E) "plainly states" the public entity may shorten the sixty-day statutory period "but does not contain any language suggesting that a claimant can unilaterally shorten the statutory period." *Id.* at 525 ¶ 12. The court therefore held that the notice of claim with a fifteen-day response window did not comply with the statute and thus plaintiffs' claims were barred. *Id.* at 523 ¶¶ 1, 16. Because we reject this interpretation of § 12-821.01, we overrule *Drew*.

¶23 In the course of litigating this case, the City expressed concern about being able to rely on the specific settlement amount in the notice of claim and having the ability to accept that amount at any point within the sixty-day period. The City also raised a concern about potential satellite litigation to enforce a settlement agreement if the City were, for example, to accept a settlement offer on day thirty-one, but the notice of claim indicated it was valid for only thirty days. The interpretation and application of § 12-821.01(A) and (E) we have set forth here obviate these concerns: by operation of law, a public entity has a statutory sixty-day period to respond to and accept a settlement offer presented in a valid notice of claim that was timely filed and served. We continue to recognize that "[e]ncouraging additional litigation frustrates one of the goals of § 12-821.01, which is to encourage public entities and claimants to resolve claims without resorting to litigation." *Backus*, 220 Ariz. at 106 ¶ 21.

¶24 Finally, James argues that Arizona law permits a claimant to file a lawsuit against a public entity *immediately* after the claimant has filed a notice of claim, even before the expiration of the sixty-day period in § 12-821.01(E). Because James filed her lawsuit against the City more than six months after filing her notice of claim (well outside of the sixty-day period), the issue of whether a claimant may file a lawsuit before the expiration of the sixty-day period in § 12-821.01(E) is not before us. We leave that issue for another day.

### III.    CONCLUSION

¶25 For all these reasons, we conclude that James' attempt to shorten the City's statutory sixty-day response deadline in her notice of claim was a legal nullity that did not invalidate her notice of claim. We reverse the trial court's grant of summary judgment in favor of the City and dismissal of James' complaint with prejudice, and we remand for further proceedings. We vacate the court of appeals' memorandum decision.